[L. A. No. 6623. In Bank.—September 13, 1921.]

In the Matter of the Estate of THOMAS D. WALL, Deceased. SARAH J. WALL, etc., Appellant, v. J. GEORGE HUNTER, Executor, etc., Respondent.

[1] WILLS—UNDUE INFLUENCE—INSUFFICIENCY OF EVIDENCE.—In a will contest upon the ground of undue influence it must be shown that the undue influence operated upon the mind of the testator at the time of the execution of the will, and where there is not only no evidence of the exercise of influence at or about the time of the execution of the will, but no evidence that at any time any of the parties charged with the exercise of undue influence, other than the attorney who prepared the will, ever addressed themselves in any manner, directly or indirectly, to the deceased in relation to the execution of the will in question, or any other will, and there is no evidence that the attorney exercised any undue influence over the testator, it was proper for the court to withdraw the issue of undue influence from the jury.

[2] ID.—PLEADING—DENIALS—SUFFICIENCY OF.—In a will contest on the ground of undue influence and insanity, where the answer of the executor denied the allegations of the petition, the failure of the heirs charged with undue influence to deny the allegations is of no significance, as the plaintiff could not secure the revocation of the will without overcoming all of the opposition to such revocation, which required proof of all material allegations put in issue by the executor's answer.

[3] ID.—EVIDENTIARY MATTERS.—In such a case it is not necessary to deny evidentiary matters, and the failure to do so does not admit such evidence where the answer specifically denies each and every allegation of the exercise of undue influence · upon the testator at the time of, or in connection with, the execution of the will in question.

[4] ID.—SMALL BEQUEST TO WIFE — WHEN WILL NOT UNNATURAL — INHARMONY.—A will is not unnatural because it bequeaths only a small amount to the surviving wife, where the decedent had begun one action for divorce and contemplated another, and letters by the testator, written long before the will was executed, made it plain that he had no affection or regard for his wife; but even if the

1. Undue influence as affecting wills, notes, 16 **Am. Dec.** 257; 31 **Am. St. Rep.** 670.

4. Unnatural or unreasonable character of will as evidence of undue influence, note, 7 **Ann. Cas.** 894.

will is unnatural, this fact alone would not justify a verdict based upon undue influence.

[5] Id.—Motion for Judgment on Pleadings—Material Facts Put in Issue by Answer.—In a will contest a motion for a judgment on the pleadings is properly denied where all the material facts are put in issue by the answer.

[6] Id.—Jury—Special Venire—Discretion.—It is well established that the court has discretion to order a special venire as provided in section 226 of the Code of Civil Procedure, notwithstanding the fact that there are sufficient names in the term trial jury box.

[7] Id.—Jurors.—An order for a special venire for a jury is erroneous where it directs the sheriff to summon twenty-four good and lawful *men* of the county, as by reason of the amendment of 1917 to section 226 of the Code of Civil Procedure the venire should require the summoning of good and lawful *persons*, but such objection will not be considered on appeal where not specifically pointed out to the trial court.

[8] Id.—Summoning Jury—Qualification of Sheriff.—A sheriff is not disqualified to summon a jury on the ground that one of the attorneys in the case who was charged with undue influence is also an attorney for a corporation of which the sheriff is a director.

[9] Id.—Form of Judgment.—In a will contest, where the judgment after stating that the jury duly rendered their verdict in favor of defendant decrees that the executor recover his costs from plaintiff, the appellant is not injured by the failure to expressly deny her petition for revocation of the probate of the will, although the judgment should have done so.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lee R. Taylor, Jas. L. King and D. B. Chapin for Appellant.

Adair & Winder for Respondent.

WILBUR, J.—This is an appeal by the surviving wife from a judgment sustaining a will in a proceeding for the revocation of the probate of a will instituted by her. The grounds of contest were undue influence and insanity. The issue of insanity was submitted to the jury and a verdict was rendered in favor of the respondent, sustaining the

will. As no substantial evidence of insanity was produced, the verdict of the jury holding the decedent to be sane is not attacked by appellant. The issue of undue influence was withdrawn from the jury on motion of the executor on the ground that there was not sufficient proof of undue influence to go to the jury, and this order withdrawing such issue appellant claims to be erroneous.

The will is charged to have been secured by undue influence of John J. Wall, a brother of the testator and Eliza Smith and Ann McLennan, sisters of the testator, and J. George Hunter and A. H. Winder, who were nominated as executors of the will and were subscribing witnesses thereto. A. H. Winder was consulted by the deceased as his attorney and drew the will in that capacity. J. George Hunter had nothing to do with the execution of the will except to act as witness thereto at the request of the testator. There is no evidence that either of these parties exercised any influence whatever over the testator in connection with the execution of the will. There is no evidence whatever that the brother or sisters in any manner participated in or had anything to do with, or exercised any influence over or held any communication with, the testator·in relation to the execution of the will. [1] Undue influence must operate upon the mind of the testator at the time of the execution of the will. Not only is there no evidence of the exercise of influence at or about the time of the execution of the will, but also there is no evidence that at any time any of the parties charged with the exercise of undue influence, other than the attorney who prepared the will, ever addressed themselves in any manner, directly or indirectly, to the deceased in relation to the execution of the will in question or any other will, and there is no evidence that the attorney exercised any undue influence over the testator. It follows that the order of the court withdrawing the issue of undue influence from the jury was proper.

However, before leaving this branch of the ·case, we will state in a general way the position of the appellant, the plaintiff in the court below, and indicate the answer to her contentions. First: The appellant relies upon the fact that certain allegations of her petition were not denied by some of the heirs charged with undue influence. The situation

in that regard is as follows: Upon the filing of the plaintiff's petition for the revocation of the will a citation was issued and served as required by section 1328 of the Code of Civil Procedure, directed to the executor of the will and to all the legatees and devisees mentioned in the will and heirs residing in the state, requiring them to appear and show cause why the probate of the will should not be revoked. The only answer filed to the petition was that of the executor, which he filed on behalf of himself and all other persons who had appeared in the proceeding. The answer of the executor denied the allegations of the petition now relied upon by the appellant in support of her claim that undue influence was established, but she contends that the failure of the heirs charged with undue influence to deny the allegations of the petition amounted to an admission of the truth of such allegations. [2] This claim and others based upon it may be dismissed from further consideration upon calling attention to the fact that as between the executor and the plaintiff the facts alleged and relied upon by the plaintiff were put in issue, and that therefore the failure of the heirs to deny such allegations is of no significance whatever. The plaintiff could not secure the revocation of the will without overcoming all of the opposition to such revocation and this required her to prove all the petitioner's material allegations put in issue by the executor.

The answer of the executor directly denied the allegation of insanity and directly denied the exercise of undue influence by any of the parties charged therewith. The petition alleged many matters of an evidentiary nature, such, for instance, as the fact that some of the brothers and sisters had at previous times secured property from the testator without consideration and by the exercise of undue influence. [3] It was not necessary to deny these evidentiary matters, and the failure to do so did not admit such evidence where the answer specifically denied each and every allegation of the exercise of undue influence upon the testator at the time of or in connection with the execution of the will in question. (*Racouillat* v. *Rene*, 32 Cal. 450; *Wormouth* v. *Hatch*, 33 Cal. 121; *Jones* v. *City of Petaluma*, 36 Cal. 230, 233.) For this reason we will not enter into a detailed consideration or discussion of the facts claimed to have been admitted. Most of these, however,

were formally and specifically denied for lack of information
and belief by respondent.

It is claimed that the will itself is evidence of undue in-
fluence because of its unnatural character. It is true that
the will left only one hundred dollars to the wife, but in
view of the fact that she alleges that decedent had already
begun one action for divorce against her and contemplated
another, it is not surprising that she was not left a larger
amount. Letters by the testator, written long before the
will was executed, make it plain that he had no affection
or regard for his wife. [4] The will was not unnatural
under the circumstances, but even if it was, this alone
could not justify a verdict based upon undue influence.
The evidence, considered without the facts erroneously
claimed by the appellant to be admitted by the pleadings,
falls so far short of constituting substantial or sufficient
evidence of undue influence to be presented to the jury
that we refrain from further discussion thereof.

The appellant relies upon other alleged errors for a re-
versal and we proceed to a consideration of those which
merit discussion. Plaintiff made a motion for a judgment
on the pleadings. [5] In view of the fact that all mate-
rial facts were put in issue by the answer, the motion was
properly denied.

Plaintiff made a motion that the case be tried by a jury
drawn from the trial jury box. This motion was denied
and the trial court ordered a special venire, no jury be-
ing in attendance or drawn. It is shown by affidavit that
at the time the motion was made and at the time of trial
there were 250 names in the term trial jury box, properly
placed therein. The better practice is to use jurors whose
names are drawn from the term trial jury box. (*People*
v. *Suesser,* 142 Cal. 354, 360, [75 Pac. 1093].) [6] It
is well established, however, that the court has discretion to
order a special venire, as provided in section 226 of the
Code of Civil Procedure, notwithstanding the fact that there
are sufficient names in the term trial jury box (*People* v.
*Suesser, supra; Perkins* v. *Sunset Tel. & Tel. Co.,* 155 Cal.
712, [103 Pac. 190], and cases there cited). The denial of
petitioner's motion was within the discretion of the trial
court.

At the time of trial the plaintiff challenged the jury
panel upon the following grounds: First, that the panel

was not drawn according to law; second, that the panel was not drawn in compliance with plaintiff's demand heretofore made; that it was not summoned to attend forthwith as required by section 226 of the Code of Civil Procedure; and, third, that the sheriff was disqualified to act.

[7] The order for a special venire was erroneous for the reason that it directed the sheriff to summon twenty-four good and lawful *men* of the county, whereas by reason of the amendment of 1917 [Stats. 1917, p. 1284] to said section 226 of the Code of Civil Procedure, the venire should have required the summoning of good and lawful *persons*. This objection, however, was not specifically pointed out to the trial court and would, no doubt, have been corrected had the specific objection been made, and therefore we will not consider the objection upon appeal.

[8] The contention that the sheriff was disqualified to summon a jury was based upon the fact that Mr. Winder, one of the attorneys in the case who was charged with undue influence, was also an attorney for a corporation of which the sheriff was a director. This was insufficient to show disqualification. The right to challenge the entire panel exists in criminal cases (secs. 1055, 1064, Pen. Code), but in civil cases the right of challenge is confined to the individual juror (sec. 601, Code Civ. Proc.); moreover the basis of the challenge would have been insufficient even if such a challenge was permissible in a civil case as in a criminal case (Code Civ. Proc., sec. 602; sec. 1064, Pen. Code).

[9] Appellant complains of the form of judgment which after stating that the jury "duly rendered their verdict in favor of defendant," decrees that the executor recover his costs from plaintiff. The judgment should have formally denied the petition for the revocation of the probate of the will, but we cannot see that the appellant is injured by the failure to expressly deny her petition.

The appellant objects to the exclusion of certain evidence offered to prove undue influence. The evidence is set out in the transcript. It is unnecessary to consider in detail its admissibility, for the reason that giving to it all the probative value claimed for it by the appellant, it is insufficient, together with all other evidence produced by the ap-

pellant, to justify the submission of the issue of undue influence to the jury.

All other alleged errors claimed by the appellant are either disposed of by what has already been stated, or are too trivial to merit discussion.

Judgment affirmed.

Sloane, J., Shaw, J., Shurtleff, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Shaw, J., who was absent.