[L. A. No. 8636.  In Bank.—August 17, 1925.]

MINTIE AMOS et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO et al., Respondents.

[1] JURY TRIALS—SPECIAL VENIRE—ORDER FOR—SECTION 226, CODE OF CIVIL PROCEDURE—FAILURE TO ENTER ORDER—JURISDICTION.—In a civil action where the court made an order for a special jury venire, under section 226 of the Code of Civil Procedure, the fact that the clerk, through inadvertence and oversight, failed to enter the order in the minutes of the court, as provided by said section, does not deprive the court of jurisdiction to proceed with the trial of the action, but it may constitute reversible error.

[2] ID.—DISTINCTION BETWEEN CIVIL AND CRIMINAL JURY TRIALS.— In criminal actions of a felony grade the trial jury is an essential constituent element of the court to try the defendant, the presence of which cannot be waived by the defendant even though he be willing to do so; but in a civil action the court is not without jurisdiction to try a case because of the absence of a jury, and it would be merely reversible error to deny a demand for a jury where the party was entitled to it.

[3] PROHIBITION—WRIT OF ERROR—APPEAL.—The writ of prohibition is not a writ of error and should not be resorted to in a case where the court has jurisdiction of the parties and of the subject matter, although it may have committed error in the exercise of such jurisdiction, as an appeal is the proper remedy in such a case.

[4] JURIES AND JURORS—REGULAR PANEL—SPECIAL VENIRE—SECTIONS 204, 226, CODE OF CIVIL PROCEDURE.—It is plainly the legislative intent that in the ordinary course of jury procedure jury lists are to be made up and jurors drawn therefrom by lot in the manner prescribed in section 204 et seq. of the Code of Civil Procedure, and the provisions of section 226 of said code, for the drawing of a special venire, wherein the jurors to be summoned are selected by the sheriff or elisor who executes the writ, are obviously intended to provide for an emergency situation and not to be resorted to regularly as a matter of course, or without good reason.

---

(1) 35 C. J., p. 289, n. 65.    (2) 35 C. J., p. 197, n. 48, p. 198, n. 58. (3) 32 Cyc., p. 614, n. 2.    (4) 35 C. J., p. 281, n. 29.

1.  See 16 R. C. L. 232; 3 R. C. L. Supp. 552.
2.  See 15 Cal. Jur. 331, 339, 340.
3.  See 21 Cal. Jur. 580.
4.  See 15 Cal. Jur. 395.

APPLICATION for Writ of Prohibition to prevent trial of an action. Writ denied.

The facts are stated in the opinion of the court.

Crouch & Sanders for Petitioners.

Read G. Dilworth and V. F. Bennett for Respondents.

MYERS, C. J.—This is an application for a peremptory writ of prohibition to restrain the respondent court and the judges thereof from proceeding with the trial of an action pending in said court before a jury to be selected from a special venire which was drawn for the purpose of the trial of that action. The pending action is one to recover damages for personal injuries growing out of a street-car accident. The case having been regularly set down for trial before a jury, the presiding judge made an order directing the clerk of the court to issue and deliver to the sheriff a writ for a jury venire from which jurors were to be impaneled to try the case. This was evidently intended to be in compliance with section 226 of the Code of Civil Procedure, which provides:

"Whenever jurors are not drawn or summoned to attend any court of record or session thereof, or a sufficient number of jurors fail to appear, such court may order a sufficient number to be forthwith drawn and summoned to attend the court, or it may, *by an order entered in its minutes,* direct the sheriff, or an elisor chosen by the court forthwith to summon so many good and lawful jurors, as may be required, and in either case such jurors must be summoned in the manner provided in the preceding section." (Italics added.)

The italicized words in the foregoing quotation are the ones upon which petitioners rest their contention that the respondent court is without jurisdiction to proceed. The clerk, through inadvertence and oversight, failed to make entry of the order in the minutes. However, he did issue the writ and delivered the same to the sheriff as the order contemplated. The sheriff served the same and on the day the case was called for trial the jurors were in attendance. The names of twelve prospective jurors were drawn, who

took their places in the box and were sworn to answer questions as to their qualifications. Counsel for plaintiffs (petitioners herein) then examined the prospective jurors in the box as to their general qualifications, and, after such examination, passed them as to general qualifications, after which counsel for defendant examined and passed them as to general qualifications. Then counsel for plaintiffs examined them individually and at length respecting possible grounds for individual challenge, challenged one of them for cause, the challenge was allowed, and that juror was excused and another one drawn in his place. After concluding the examination of the individual jurors for cause, counsel for plaintiffs then interposed a challenge to the entire panel upon the ground that they were not selected or summoned in the manner required by law because of the circumstance that the order for the drawing of the special venire had not been entered in the minutes, and because of the further circumstance that the venire as drawn and summoned consisted of but twenty jurors, only fifteen of whom were present in court at the commencement of the trial. The trial court denied said challenge and objection; whereupon the plaintiffs in said action filed the present petition for a writ of prohibition to restrain the respondent court and the judges thereof from proceeding with the trial of petitioners' said action before such purported jury.

Respondents point out that in civil actions there is no such thing as a challenge to the entire jury panel, and the right to interpose such a challenge exists only in criminal cases. (*Estate of Wall,* 187 Cal. 50, 55 [200 Pac. 929].) Petitioners answer this by saying that the objection goes deeper than a mere challenge to the panel; that it is in effect a challenge to the very jurisdiction of the respondent court to try the cause, and they assert that by reason of the irregularity in the impanelment of the jury the respondent court is wholly without jurisdiction to try this cause before a jury drawn from that panel; and they contend further that the irregularity cannot be corrected by a *nunc pro tunc* entry of the order in the minutes of the court, even though the court actually rendered the order in due form and at a proper time, and its omission from the minutes was due solely to the inadvertence of the clerk.  [1]  These

contentions are not sound. They are predicated chiefly upon the decision of this court in *Bruner* v. *Superior Court,* 92 Cal. 239 [28 Pac. 341]. In that case the defendant procured a writ of prohibition from this court to restrain the superior court from trying him upon an indictment returned by a grand jury which had not been impaneled in accordance with law. The grand jurors who returned the indictment had been summoned by an elisor appointed by the court in a case wherein the sheriff admittedly was not disqualified. The law did not authorize the appointment of an elisor or the summoning of grand jurors by an elisor in cases where the sheriff was not disqualified. This court held, therefore, that the so-called grand jury was not a lawful or constitutional grand jury, and that the purported indictment returned by it was void, and concluding that the trial court was without jurisdiction to proceed with the trial of the defendant upon a void indictment, issued a peremptory writ of prohibition. The soundness of that decision may be conceded for the purposes hereof, but it is not controlling of the present proceeding. [2] Petitioners have lost sight of the distinction between criminal actions and civil actions with relation to questions of trial by jury. In criminal actions of a felony grade the trial jury is an essential constituent element of the court to try the defendant, the presence of which cannot be waived by the defendant even though he be willing to do so. It may also be said that in the absence of an indictment found and returned by a lawfully constituted grand jury, or of an information duly signed and filed by a district attorney following the issuance of a complaint and a preliminary hearing thereon, the court is without jurisdiction to hold for trial a defendant charged with a felony. But in a civil action it cannot be said in any case that the court is without jurisdiction to try the case because of the absence of a jury. In a civil action at law wherein a jury is demandable as of right and is duly demanded it doubtless would be reversible error to deny such demand. (*Farrel* v. *City of Ontario,* 39 Cal. App. 351 [178 Pac. 740] ; *Estate of Baird,* 173 Cal. 617 [160 Pac. 1078].) But the parties to a civil action may always waive a jury, and, indeed, are deemed to have done so if they fail to demand it and pay the jury fees at the time prescribed by law therefor. (Code

Civ. Proc., secs. 631, 883.) It follows that the presence of a lawful jury is not essential to jurisdiction of the 'subject matter of a civil action at law, even though the parties thereto may have a constitutional right to a trial thereof before a jury. If it were, it could not be waived. It is fundamental that jurisdiction of the subject matter cannot be conferred by waiver or consent (7 Cal. Jur., pp. 597, 598), or by estoppel. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315, 331, 334 [187 Pac. 1056].) The parties to this action might have stipulated, if they had been willing to do so, that the action should be tried before a jury to consist of twelve persons who had neither been drawn nor summoned as jurors, and who were not even citizens of the state. If this had been done and if the trial were otherwise regular the verdict of such a jury would be binding upon both parties. This being true, the irregularity in the drawing of the jurors herein could not have operated to deprive the court of jurisdiction to proceed with the trial. The cases of *People* v. *Compton,* 132 Cal. 484 [64 Pac. 849], and *People* v. *Wong Bin,* 139 Cal. 60 [72 Pac. 505], are inapplicable to the present situation for the reasons above indicated. It may be that if the respondent court compels the plaintiffs to proceed to trial before such jury it will constitute reversible error. Upon this question we express no opinion. [3] The writ of prohibition is not a writ of error and we are not disposed to use it as such. The respondent court having jurisdiction of both the parties and the subject matter may commit error in the exercise of such jurisdiction and the appropriate remedy for the correction thereof is an appeal. This court is not disposed to encourage the practice of resorting to appellate courts for original writs for the purpose of procuring what amounts to a *pro tanto* review upon appeal before the cause has proceeded to final judgment in the trial court. Assuming, without deciding, that it may be reversible error for the trial court to deny plaintiff's challenge and overrule their objections, nevertheless it may happen that the verdict and judgment when rendered will be entirely satisfactory to petitioners, in which event there will be no occasion to review this ruling.

It is alleged in the petition and not denied herein "that there is a trial jury box in the county of San Diego con-

taining the names of approximately four hundred qualified jurors that have not been drawn or summoned to attend as trial jurors in said county, and that when the said action of petitioners was called for trial, jurors had not been drawn from said trial jury box or summoned to attend said court at all.'' In this connection the statement is made in the briefs of counsel that it has been the practice of the Superior Court of San Diego County to favor the drawing of special venires for the trial of civil actions because of the great expense occasioned the county by using drawn juries, in that jurors are usually located at different distant points in the county, and because such jurors if drawn and summoned would be inconvenienced by being compelled to leave their farms. [4] It is plainly the legislative intent that in the ordinary course of judicial procedure jury lists are to be made up and jurors drawn therefrom by lot in the manner prescribed in section 204 et seq. of the Code of Civil Procedure. The provisions of section 226 of the Code of Civil Procedure for the drawing of a special venire, wherein the jurors to be summoned are selected by the sheriff or elisor who executes the writ, are obviously intended to provide for an emergency situation and not to be resorted to regularly as a matter of course, or without good reason. This court has repeatedly pointed out the dangers inherent in the practice of resorting to special venires, and has repeatedly indicated that the better practice is to use jurors whose names are drawn from the term trial jury box. (*Bruner* v. *Superior Court, supra; Levy* v. *Wilson,* 69 Cal. 105 [10 Pac. 272]; *People* v. *Yeaton,* 75 Cal. 415 [17 Pac. 544]; *People* v. *Suesser,* 142 Cal. 354, 360 [75 Pac. 1093]; *Estate of Wall,* 187 Cal. 50 [200 Pac. 929].) The record in this case, however, does not indicate that any such practice has been followed by the respondent judges or by any of them. Neither does it establish the fact that there may not have existed some sufficient reason for resort in the present instance to the procedure prescribed in Code of Civil Procedure, section 266. In any event, the action of the trial court in resorting to a special venire, even though no good reason therefor existed, would be no more than error in the exercise of jurisdiction.

The application for a peremptory writ is denied and the alternative writ discharged.

Richards, J., Seawell, J., Lawlor, J., Knight, J., *pro tem.*, Houser, J., *pro tem.*, and Lennon, J., concurred.