[Civ. No. 548. Fourth Appellate District.—November 13, 1931.]

I. S. CHAPMAN & COMPANY (a Corporation), Respondent, v. N. V. CRAMER et al., Appellants.

George H. Cobar and R. E. Haynes for Appellants.

Albert Launer and Harold A. McCabe for Respondent.

JENNINGS, J.—On October 30, 1928, respondent served upon counsel representing appellants a memorandum, requesting the clerk to place the above-entitled action on the civil active list. On November 2, 1928, counsel for appellants filed a written demand for a trial by jury in said action and deposited with the court the sum of $40 for jury fees. On January 16, 1929, and March 16, 1929, memoranda similar in all respects to that which was served on October 30, 1928, were served upon counsel for appellants, and were duly filed. In each of the memoranda thus served appeared

a notation that a jury trial was demanded by appellants. On January 13, 1930, a fourth memorandum requesting that the action be placed on the civil active list was served by mail upon counsel for appellants. This memorandum stated that a trial by jury was not demanded. Each memorandum contained a notice that cases would be set for trial in the department of the presiding judge on the first and third Mondays of each month at 9:30 A. M. Pursuant to the fourth memorandum for placing the case on the civil active list, it was set for trial on February 26, 1930. On said last-mentioned date counsel for appellants moved the court for a continuance of the trial of the action which was granted and the trial was continued to the 5th of March, 1930. At the time said motion for continuance was heard no jury was in attendance and it was not called to the court's attention that a jury had been demanded or that a jury would be desired by appellants. On March 5, 1930, the action was tried by the court without a jury, no request being made that a jury be impaneled and no objection being made that a jury was not in attendance. From a judgment in respondent's favor rendered after a trial in which appellants participated, this appeal is prosecuted on the sole ground that appellants were unlawfully denied a trial by jury.

It is the contention of appellants that there was, in effect, a denial of their right to a trial by jury, due demand having been made by them for a jury in an action at law wherein a jury may be demanded and that such denial constitutes reversible error. It is, however, established that the right to trial by a jury may be waived in such a case. (*Amos* v. *Superior Court,* 196 Cal. 677, 680 [239 Pac. 317].) Section 631 of the Code of Civil Procedure provides that "Trial by jury may be waived by the several parties to an issue of fact . . . in manner following . . . 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice. . . ." The above-quoted language of the statute in language definite, certain and unambiguous specifies the time, and place and manner of making a legal demand for a trial by jury in civil actions. Appellants admittedly had notice but did not announce that a jury was required when the case was first set upon the trial calendar. If it should be held

that a written demand filed with the clerk more than a year prior to the time when the case was set for trial constitutes sufficient compliance with the statute there would be a substitution of a different time, place and manner from that which the legislature has plainly prescribed. It is clear that there was a waiver of the right to a trial by jury by failure on the part of appellants to comply with the plain provisions of the statute. (*Stern* v. *Hillman,* 115 Cal. App. 156 [300 Pac. 972].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.