[Civ. No. 9248. First Appellate District, Division One.—November 16, 1934.]

SOL ADLER, Respondent, v. WELLS FARGO BANK & UNION TRUST CO. (a Corporation), as Executor, etc., Appellant.

Alfred Voyce and George M. Naus for Appellant.

Edgar C. Levey and Leon Samuels for Respondent.

JAMISON, J., *pro tem.*—The only question presented for consideration on this appeal is whether or not the trial court erred in denying appellant a trial by jury.

This appeal was brought up on two bills of exception. The first of these sets forth that appellant served and filed a memorandum stating that the case was at issue and demanding a trial by jury. This demand for a jury was denied. The second bill of exceptions sets forth that when the case came on for trial the appellant again demanded that it be tried by a jury, and again this demand was denied by the court and the case was tried by the court and judgment rendered for plaintiff.

Subdivision 4 of section 631 of the Code of Civil Procedure provides that a trial by jury may be waived as follows: "By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation." The memorandum in the first bill of exceptions is not dated, nor does it state that the demand for a jury was made when the case was first set for trial. ▮ Failure to be present at the time the case is set for trial, or within five days after the service of the memorandum to place the case on the active list, to serve and file a demand for a jury, constitutes a waiver of the right to a trial by jury. (*McGregor* v. *Wright,* 117 Cal. App. 186, 199, 200 [3 Pac. (2d) 624]; *Stern* v. *Hillman,* 115 Cal. App. 156–159 [300 Pac. 972]; *I. S. Chapman & Co.* v. *Cramer,* 118 Cal. App. 304 [4 Pac. (2d) 970].) ▮ In order to be availed of on appeal, error in the proceeding to secure a jury must affirmatively appear from the record (15 Cal. Jur. 444), and where an appellant alleges error it is incumbent upon him to show

it affirmatively, for where the record is silent it will be presumed that the lower court did its duty. (15 Cal. Jur. 445.) The appellate court will never presume that error was committed, or that something was done or omitted to be done which constitutes error. On the contrary, every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of the superior court. It is the duty of a litigant complaining of errors committed by a trial court to produce a duly authenticated record affirmatively showing the alleged error. (2 Cal. Jur. 852.)

■ We are of the opinion that the record on this appeal fails to show that appellant, in demand that the case be tried by a jury, complied with subdivision 4 of section 631 of the Code of Civil Procedure.

■ The second bill of exceptions simply shows that at the time the case was ready for trial the appellant demanded a jury. There is no law authorizing this demand for a jury when the case is ready for trial. In addition to the requirements of subdivision 4 of section 631 of the Code of Civil Procedure, subdivision 5 of said section provides that a trial by jury may be waived by failing to deposit with the clerk within ten days prior to the date set for trial a sum equal to the amount of one day's jury fees payable under the law. There is no record showing that appellant had, prior to the trial of this case, made the said deposit with the clerk.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1935.