[Civ. No. 6167.   Third Appellate District.—July 20, 1939.]

JOE FOSTER, Respondent, v. R. L. HUDSON, Appellant.

[Civ. No. 6168.   Third Appellate District.—July 20, 1939.]

HERMAN BAKER, Respondent, v. R. L. HUDSON, Appellant.

706

Charles V. Barfield and John J. Healy, Jr., for Appellant.

C. Ray Robinson and Willard B. Treadwell for Respondents.

BRUTON, J., pro tem.—The above actions arose out of the same automobile accident. They were consolidated for trial and for this appeal, and will be considered together in this opinion.

The accident in question occurred about 10 o'clock P. M. on November 24, 1937, on Highway 99 in Merced County. The plaintiffs Joe Foster and Herman Baker, together with a Mr. Ewing, were in a coupe driving northward. Immediately preceding the accident, the plaintiffs observed two cars approaching from the north, one of which passed the other, and instead of swinging back to its right side of the highway, continued diagonally across the pavement to its left side of the highway. Foster, who was driving the coupe, upon observing that the approaching car was not returning to its right side of the highway, slackened his speed and pulled off of the pavement to his right, where the approaching machine, which was driven by defendant Hudson, collided with his (Foster's) car in a head-on collision.

Plaintiff Baker had ten teeth knocked out, all that he had, together with a portion of the lower jawbone in which they were imbedded, his lower lip perforated, a deep cut in his tongue and a portion of his scalp torn off. Plaintiff Foster received a wrenched neck, which caused considerable pain at the time, but which cleared up in a few weeks; an internal injury to the digestive tract, which will cause discomfort for a period of years, and an injury to the cartilege of the left

knee, which causes occasional locking of the joint, and may be expected to cause some difficulty for an indefinite period.

The cases were tried before a jury, which returned a verdict in favor of plaintiff Foster for $5,500, and in favor of plaintiff Baker for $15,000. These amounts were reduced by the court to $4,000 and $10,000, respectively.

Appellant presents six specifications of error. They are:

1. The trial court abused its discretion in refusing defendant's motions for a continuance.

2. The judgments are excessive in amount.

3. Certain instructions were erroneous.

4. Defendant's special demurrer was improperly overruled.

5. Defendant's objection to the jury panel was erroneously overruled.

6. The court erred in refusing to permit defendant to introduce evidence showing the reason for his absence.

As to appellant's first specification of error, these cases were filed January 7, 1938. Between that day and April 29, 1938, when he filed his answer, defendant filed a demurrer, and received four extensions of time within which to plead. On May 2, 1938, the cases were set for trial for July 5, 1938. On June 18, 1938, defendant filed his motion for a continuance until after August 5, 1938. This motion was denied, but was renewed and again denied at the time of trial. Affidavits were filed showing that appellant had left the state on May 1, 1938, without having consulted with his attorneys, and at the time of trial was in Missouri recovering from an operation for a rupture. The affidavit of Mr. Healy, the counsel who verified defendant's answer, states that he had never consulted with his client, and was not familiar with the details of the defense. This attorney's knowledge of his client's case seems to have been of a highly volatile character, present when the answer was to be verified, but to have entirely evaporated when further delay was sought. We will not burden the reports with an extended discussion of this point. There is nothing better settled than that a trial court has a wide discretion in the granting or denial of a motion for a continuance. There were four extensions of time procured by defendant, excluding the interposition of a pointless demurrer. Five months elapsed between the service of the summons and complaint on appellant and the time that he left

the state. During that time he could have, if he had so desired, fully prepared his defense.

Counsel for plaintiffs stipulated that any statement by defendant might be introduced in evidence or that defendant's counsel might introduce any statement drawn by them, which should be considered as a statement of their client. These offers were refused by counsel for defendant. The motions for continuance were properly denied.

Appellant's second point that the judgments were excessive in amount is without merit. Both plaintiffs received injuries of a serious and continuing character, particularly plaintiff Baker. It is only where a judgment in a personal injury case is so grossly excessive as to shock the conscience that an appellate court is justified in intervening. Such a case is not here presented.

Appellant's third contention is likewise without merit. Appellant complains that three instructions, which it is not necessary to review, were erroneously given. These instructions have been approved many times by the appellate and supreme courts of this state, and are an accurate statement of the law. Appellant was not prejudiced thereby.

Appellant's fourth specification of error is that his special demurrer was erroneously overruled. After enumerating certain specific injuries, each of the complaints contained the following language: "That the foregoing are not all the injuries sustained by plaintiff . . . " Appellant's complaint is that the language quoted is ambiguous.

"A plaintiff is not required to allege specifically each physical injury sustained or which may have resulted from the accident. It is sufficient if such injuries can be traced to the occurrence complained of and are such as might naturally result from the injury." (*Kuhns* v. *Marshall*, 44 Cal. App. 588 [186 Pac. 632].)

The demurrer was frivolous.

Appellant, as his fifth specification of error, urges that the trial court erroneously drew the jury from a special venire without having recourse to the general panel. Our attention has not been drawn to any California case where such a procedure has been held to be reversible error. The provisions of section 226 of the Code of Civil Procedure are the absence of a showing that appellant was prejudiced sufficiently broad to permit the procedure followed here in

the absence of a showing that appellant was prejudiced thereby.

"The better practice is to use jurors whose names are drawn from the term trial jury box. It is well established, however, that the court has discretion to order a special venire, as provided in section 226 of the Code of Civil Procedure, notwithstanding the fact that there are sufficient names in the term trial jury box." (*Estate of Wall*, 187 Cal. 50 [200 Pac. 929].)

We have already decided that the trial court properly denied appellant's motions for a continuance. This, in effect, disposes of appellant's sixth specification of error, which is that the court should have admitted evidence offered by defendant that he was at the time of trial convalescing in the State of Missouri.

As already pointed out, the appellant voluntarily absented himself from the state at the time his case was ready to go to trial. He did not trouble himself to submit his testimony in the form of a deposition, or otherwise, or even to consult with his attorneys. If he did not elect to concern himself with his own case that of course was his own affair. However, the condition of his health during his stay in Missouri was not relevant to any issue in these cases then before the trial court.

The judgments are affirmed.

Tuttle, J., and Thompson, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 19, 1939. Thereafter, on September 26, 1939, the District Court of Appeal filed the following supplemental opinion and order:

THE COURT.—It erroneously appearing in the opinion filed herein on July 20, 1939, and published *ante*, p. 705 [92 Pac. (2d) 959], that Mr. Healy, one of the counsel for defendant Hudson, had verified defendant's answers:

It is hereby ordered that all reference in said opinion to Mr. Healy's having verified said answers, or to having been remiss in either way to either his client or to the court, be considered as deleted therefrom. This order to be entered *nunc pro tunc* as of July 20, 1939.