[Civ. No. 11668. First Dist., Div. Two.—April 14, 1941.]

Estate of LULU HANNAH COFFIN, Deceased. CHARLES A. BLISS, as Executor, etc., Respondent, v. MABLE SMITH, Appellant.

Sherman & Peters for Appellant.

Joseph C. Prior for Respondent.

STURTEVANT, J.—This is a companion case to the case entitled *Smith* v. *Bliss*, No. 11667 [*ante*, p. 171], this day filed. Except as noted the facts are fully set forth in that case.

After the death of Lulu Hannah Coffin, Charles A. Bliss was granted letters testamentary and proceeded to administer her estate. About sixteen months after the death of Mrs. Coffin, Mable Smith, this defendant, appeared and filed the written memorandum dated August 31, 1937, and at the same time filed a petition asking that it be admitted to probate as a codicil to the will of Mrs. Coffin. Charles A. Bliss, as one of the legatees under the will, appeared and filed a contest. In that contest he set forth two counts. Afterwards, by permission of the court, said contest was amended. Later this defendant filed an answer to said contest as amended. The pleadings of both parties were very full and complete. After a hearing of the parties the trial court made and caused to be filed a set of findings in favor of the plaintiff and against the defendant. Those findings were very full and complete. However, being dissatisfied with the findings the defendant made a motion for a new trial. After considering said motion the trial court made an order that the motion be denied, that the findings be amended, and that a second judgment be entered. The defendant appealed from both judgments and has brought up the judgment roll.

The defendant contends that the second judgment and the additional findings are void. (*Linstead* v. *Superior Court*, 17 Cal. App. (2d) 9 [61 Pac. (2d) 355].) That case is not in point. The trial court, in that case, had entered a decree of distribution but certain parties had not appeared. In an application by those parties to amend the decree of distribution such application affected directly the matter embraced in the decree. Another interested party having perfected

an appeal from the decree before the motion to vacate was made, the trial court had no power to set it aside on an application made under section 473 of the Code of Civil Procedure. The facts in the instant case are quite different. The judgment was entered August 24, 1939. A notice of intention to move for a new trial was filed August 29, 1939. The motion was denied October 16, 1939. The notice of appeal was filed October 17, 1939. Section 662 of the Code of Civil Procedure provides: "Causes tried without jury: Powers of court on motion for new trial. In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, . . . " It follows that the trial court did not exceed its power. (*Veterans' Welfare Board* v. *Burt,* 4 Cal. App. (2d) 659 [41 Pac. (2d) 587].)

The defendant contends the decree was premature and void because the trial court did not first enter a formal judgment in the contest proceeding. (*Estate of Cook,* 205 Cal. 581 [271 Pac. 1083].) There is no question regarding the soundness of the rule stated in that case. However the facts are in no respect similar to the facts in the instant case. Eliza Cook died testate. Her will was offered for probate. Before the hearing of that application a contest was filed. That contest was dismissed. Another contest was filed. Then, as stated on page 583, the proceedings were as follows: "The proponents promptly moved the court to strike out and dismiss said second contest, which motion was granted on December 6, 1927, and three days thereafter the court made its order admitting said will to probate. From each of these two last mentioned orders the contestants have appealed." Continuing the court shows that both orders were erroneously entered because, "As a valid contest was on file at the time the petition for the probate of the will came on for hearing, the probate court was in error in hearing and thereafter granting said petition without first disposing of, in the manner provided by law, the contest then on file. It follows, therefore, that the orders appealed from should be and they are hereby reversed." The same contention which this defendant makes was made in *Estate of Wall,* 187 Cal. 50 [200 Pac. 929]. The facts in that case were more nearly in point. The will of the decedent had been admitted to probate. Later a contest

was filed. The contest was decided against the contestants. On page 55 the court said: "The judgment should have formally denied the petition for the revocation of the probate of the will, but we cannot see that the appellant is injured by the failure to expressly deny her petition." In the instant case there was no application to revoke the will that had been admitted to probate, but the sole effect of the defendant's petition was to ask that the memorandum above referred to be admitted to probate as a codicil to the will that was being-probated. The judgment as entered was in effect a decree that the alleged memorandum was no codicil and application to probate it was denied. The law required nothing more.

■ The defendant further contends that the findings do not support the judgment. In that connection she quotes from *Estate of Spitzer*, 196 Cal. 301 [237 Pac. 739]. On page 307 the court quoted with approval: "It is undoubtedly the general rule enunciated by the leading case of *Habergham* v. *Vincent*, 2 Ves. Jr. 231, and oft repeated, that the true test of the character of an instrument is not the testator's realization that it is a will, but his intention to create a revocable disposition of his property to accrue and take effect only upon his death and passing no present interest." She then asserts that, unless there was a finding to that effect, the findings do not support the judgment. Conceding the rule to be as stated in the excerpt just quoted, it is a sufficient reply to call attention to the fact that finding IX contains almost the identical words contained in the quotation.

■ The alleged codicil was written on an envelope which had printed thereon, "Crocker First National Bank of San Francisco, San Francisco, California." The codicil was written in pencil, "Make it Joint Tenancy 20,000. Mrs. A. F. Coffin Aug. 31/1937." It was in the handwriting of the decedent. On the reverse side of the envelope was written in pencil by this defendant, "born Topeka, Kansas Mable Judith Hann 1500 Burnside Portland, Ore. Mary Anderson". Enclosed in the envelope was a savings bank book showing a deposit on September 1, 1936, of five dollars. Printed in the book were rules and regulations of the savings department. The purported codicil contained no words referring to the envelope or any of the endorsements written by defendant thereon, nor to the book nor any of the inser-

tions therein. Nevertheless the defendant asks that the doctrine of incorporation be applied to the case. Because there was no cross-reference that doctrine is not applicable. (*Garde* v. *Goldsmith,* 204 Cal. 166, 168 [267 Pac. 104].) █ The purported codicil was ambiguous in its use of the word "it". Assuming that on the trial evidence was introduced in an attempt to remove the ambiguity, on this appeal based on the judgment roll we must conclude that on all of the evidence the trial court found the word "it" did not refer to anything written on the envelope nor to anything contained in the book which was enclosed. However, assuming solely for the purposes of this decision that the doctrine of incorporation is applicable, such additional writings in no manner affect anything we have said. They contain nothing of a dispositive nature. █ The defendant asserts there was no finding upon the material issue of whether the testatrix intended to make a revocable disposition of the $20,000 effective after her death. There was no issue to that effect. The issue was codicil or no codicil. On that issue there was a direct finding. That was all that was required. (*Estate of Berry,* 195 Cal. 354, 360 [233 Pac. 330].)

The judgments appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.