[Civ. No. 11972–S.   Second Appellate District, Division One.—October 20, 1939.]

In the Matter of the Estate of EMMA S. CONE, Deceased. CLAYTON R. STOBBS, Appellant, v. CARL P. COLONEUS, Executor, etc., et al., Respondents.

Arthur J. Mullen, Raymond Tremaine, Franklin L. Knox, Jr., John E. Yates and Laurence B. Martin for Appellant.

Claude I. Parker, Ralph W. Smith, J. Everett Blum, Loren A. Butts, James C. Ingebretsen and H. William Hess for Respondents.

YORK, P. J.—This appeal involves a contest after probate of the last will and codicil of Emma S. Cone, deceased, instituted by Clayton R. Stobbs, a nephew of decedent, who was not mentioned in either document. The will, olographic in character, which was executed on August 20, 1936, and the codicil which was executed on January 6, 1937, were admitted to probate on April 21, 1937, and letters testamentary issued to Carl P. Coloneus, named therein as executor. After a protracted trial of the issues joined by the contest and the answer thereto, the trial judge concluded that "the said last will and testament of Emma S. Cone dated August 20, 1936, and the said Codicil to said will dated January 6, 1937, were and are valid testamentary acts of said decedent, Emma S. Cone". Further, that "the plaintiff contestant is not entitled to a revocation of the probate of said last will and testament . . . and said codicil".

Appellant's contentions upon this appeal are in substance (1) that the court erred in denying appellant relief from an alleged waiver of a jury trial; (2) that the will was obtained through the use of undue influence and fraud; (3) that at the time said will was executed, testatrix was suffering from an insane delusion; (4) that testatrix was not mentally competent by reason of disease and her infirmities to execute a valid or subsisting will or codicil at the time or times when she is purported to have so executed said documents.

The testatrix, who was a widow of means and extensive business interests, the estate herein having an appraised value of approximately $650,000, on August 20, 1936, executed an olographic will in which she provided for the

payment of large sums of money, as well as liberal monthly incomes, to various relatives consisting of her brothers, sisters, nephews and nieces. She appointed as executor her first cousin, Carl P. Coloneus, who had been her confidential adviser and business manager since 1926, and devised to him her interest in the Cone Oil Company which he had been managing under her direction for a number of years. She named as a beneficiary of her bounty Leonard Anderson, a young man who had entered her employ in 1922 during the life of her husband, and who had thereafter become a member of her household driving her car and accompanying her on trips, he being generally accepted and regarded as her son. She also named as a beneficiary, Mrs. Ella L. Abdill, who had been in testatrix' employ as a housekeeper since 1924, and who had nursed her throughout her last illness.

With reference to appellant's first point, it appears that on November 8, 1937, respondents made a motion to set contest of will for trial after service on November 3rd of a memorandum for setting for trial, and service on November 5th of notice that trial had been set in Department 25 for November 12th. A minute order of the above-named department shows that on November 12th a motion to set will contest for trial was continued to November 16th. On November 13th, appellant filed a written demand for a jury trial, after service thereof upon counsel for respondents. The minute orders of November 16th show (1) motion to set will contest for trial was transferred to Department 1; (2) "Matter of setting or continuance of trial of contest after probate. By order of Court transferred from 25 and set for Dec. 13 at 9:30 A. M., Department 1." On December 6, 1937, a minute order was entered as follows: "Minutes of Nov. 16, 1937, ordered corrected *nunc pro tunc* to show that the court holds that a trial by jury has been waived by failure to demand a jury within the statutory time." On November 29th there was filed a notice of trial by counsel for respondents to the effect that said trial had been continued to December 13, 1937. On December 9th, appellant filed a notice of motion to have a jury trial and for relief under section 473 of the Code of Civil Procedure, on the grounds that he was entitled to such jury trial, or if he had waived his right thereto that it was through

mistake, inadvertence, surprise or excusable neglect, which said motion was by the court denied on December 10, 1937.

Upon this appeal, appellant contends that there was no actual setting of the contest for trial on November 12th, and that said contest was not actually set for trial until November 16th, when it was set for trial on December 13, 1937; therefore, no waiver of a jury trial was made by virtue of subdivision 4 of section 631, Code of Civil Procedure, to wit:

"Trial by jury may be waived by the several parties to an issue of fact in manner following: . . . 4. By failing to announce that a jury is required at the time the cause is first set upon the trial calendar, if it be set upon notice or stipulation." In the instant cause the setting was made upon notice.

Referring to contests after probate, section 382 of the Probate Code provides: "If the original probate was granted without a contest, *a trial by jury must be had,* as in the case of a contest before probate, unless a jury is waived as provided by the Code of Civil Procedure. . . . " (Emphasis added.)

The Supreme Court in the case of *Mutual Building & Loan Assn.* v. *Corum,* 220 Cal. 282 at 287 [30 Pac. (2d) 509], in an interpretation of subdivision 4 of section 631 of the Code of Civil Procedure, held as follows: "We are of the opinion that the language used in section 631 of the Code of Civil Procedure, 'at the time the cause is first set upon the trial calendar' is synonymous with the words 'at the time the case is set for trial'. In matters of court procedure it is most important that the steps to be taken should be easily ascertainable and readily understood and that the rights of clients to jury trials, or other aids to the administration of justice, should not be jeopardized by a strained construction of a statute prescribing judicial practice and procedure. A strained construction should, therefore, be avoided and the words given the meaning they commonly convey.

"Prior to the very existence of the Judicial Council and prior, of course, to the promulgation of rule I, it was assumed and taken for granted that the time specified in subdivision 4 of section 631 of the Code of Civil Procedure, at which a demand for a jury trial must be made if the right to a jury trial was to be protected and preserved, was at

the time a definite date was assigned by the presiding judge for trial. (*Hertter* v. *Addis,* 89 Cal. App. 160 [265 Pac. 298, 300].) . . . Since that decision other cases have accepted this construction as the true one and have postulated their conclusions upon the premise that the time 'the cause is first set upon the trial calendar' is synchronous with the time 'the case is first set for trial'. (*Hoffman* v. *Southern Pac. Co.,* 101 Cal. App. 218 [281 Pac. 681], *Stern* v. *Hillman,* 115 Cal. App. 156 [300 Pac. 972], *McGregor* v. *Wright,* 117 Cal. App. 186 [3 Pac. (2d) 624], and *Dunham* v. *Reichlin,* 217 Cal. 289 [18 Pac. (2d) 664].)''

The record before this court conclusively shows that the contest herein was not set for trial until November 16, 1937, at which time appellant demanded a jury trial; also, that three days prior to that date appellant had served and filed his notice that he demanded that the contest be tried before a jury, and as well had paid the regular jury fee of $24.

Since the original probate of the will was granted without a contest, appellant was entitled to a trial by jury unless he had waived such right (sec. 382, Prob. Code) ; and by demanding a jury trial on November 16th at which time the contest was set for trial on December 13th, appellant did not waive that right.

In the circumstances, appellant's first point must be sustained. For the reasons stated, it is unnecessary to pass upon appellant's further contention that the findings are not supported by the evidence.

The judgment appealed from is reversed.

Doran, J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 9, 1939.