[Civ. No. 617. Fifth Dist. Mar. 10, 1966.]

TURLOCK GOLF & COUNTRY CLUB, Petitioner, v. SU-
PERIOR COURT OF STANISLAUS COUNTY, Re-
spondent; RUTH JOHNSON, Real Party in Interest.

694

Frederick W. Reyland, Jr., County Counsel, David G. Dunford, Assistant County Counsel, Clayton M. Ham, and T. W. Martz, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

CONLEY, P. J.— Petitioner challenges the requirement, by local court rule, that litigants deposit the sum of $225 (instead of $60) two weeks before a scheduled jury trial as the first day's fees and mileage to be paid out *pro rata* to the members of the entire civil jury panel, rather than to the 12 persons sworn to act as jurors in the case. The petitioner, a defendant in the pending case entitled *Ruth Johnson* v. *Turlock Golf & Country Club, et al.*, No. 87433, deposited in excess of $60 (to wit: $75) with the clerk more than 14 days

before the trial which was scheduled to commence January 11, 1966; the petitioner was later advised by the clerk that under rule 8 of the local rules of the superior court effective January 1, 1966, it would have to add sufficient additional funds to total $225; it refused to do so, and was then notified that because it had not complied with the requirement of an adequate jury deposit, it had waived a jury.

■ Prohibition is a proper remedy, in circumstances such as these, to test a litigant's right to a jury trial. (*Mallarino* v. *Superior Court*, 115 Cal.App.2d 781 [252 P.2d 993]; *Budde* v. *Superior Court*, 97 Cal.App.2d 615 [218 P.2d 103]; *Knight* v. *Superior Court*, 95 Cal.App.2d 838 [214 P.2d 21].)

■ While the illegal denial of a jury would constitute cause to reverse any judgment against petitioner (*Cowlin* v. *Pringle*, 46 Cal.App.2d 472 [116 P.2d 109]; *Union Oil Co. of California* v. *Hane*, 27 Cal.App.2d 106, 110 [80 P.2d 516]; *City of Redondo Beach* v. *Kumnick*, 216 Cal.App.2d 830, 839 [31 Cal.Rptr. 367]), it would be inefficient and, indeed, unconscionable to refuse to ascertain its right to a jury trial at this stage of the case.

Rule 8, section 1 of the local rules of the Stanislaus County superior court was amended to read as follows, as of January 1, 1966: "When a demand for jury has been made, the demanding party shall, within the time prescribed by law, deposit with the clerk of the court the sum of $225.00 to cover the cost of the first day's jury fees and mileage." Rule 8, section 2, as amended, provides: "Unless notice of settlement of a case is given to the clerk of the court at least seven (7) days prior to the trial date, the deposit of $225.00 shall be retained by the clerk of the court and be by him deposited in the general jury fund." Section 3 of rule 8 requires that the clerk shall receive all deposits of money ". . . made by provisions of Section 631 CCP at and in the county clerk's office," and further states that the jury fee deposit must be made at least 14 days before the commencement of trial.

Section 631, subdivision 5, of the Code of Civil Procedure provides that trial by jury may be waived by the several parties in an action: "By failing to deposit with the clerk, or judge, a sum equal to the amount of one day's jury fees payable under the law, as provided herein."

■ A "jury" as the word is used, consists of how many persons? The answer, almost without exception, is 12, and never more than 12. And a jury only becomes such when it is sworn.

Section 7 of Article I of the California Constitution provides as follows: "The right of trial by jury shall be secured to all, and remain inviolate; but in civil actions three-fourths of the jury may render a verdict. A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. *In civil actions and cases of misdemeanor, the jury may consist of 12, or of any number less than 12 upon which the parties may agree in open court.*" (Italics ours.)

Section 193 of the Code of Civil Procedure defines a trial jury: "A trial jury is a body of persons returned from the citizens of a particular district before a court or officer of competent jurisdiction, and sworn to try and determine by verdict, a question of fact."

Section 194 of the Code of Civil Procedure is as follows: "A trial jury shall consist of twelve persons; *provided,* that in civil actions and cases of misdemeanor, it may consist of twelve or any number less than twelve, upon which the parties may agree in open court."

It is clear that in order to prevent a waiver, the litigant desiring a jury in a civil case must deposit the fees for 12 persons for the first day of the trial at least 14 days before the time fixed for the commencement of the trial. In Stanislaus County the daily fee for each juror is $5.00 (Gov. Code, § 28119). The total is, therefore, $60. There is a paucity of direct holdings confirming what the wording of the Constitution and the code sections clearly mean, but there are numerous cases in the books which assume without question that the legal requirement to prevent the waiver of a jury trial is to deposit jury fees for only the 12 members of the jury who are actually sworn to try the case. Among these cases are the following: *Conneau* v. *Geis,* 73 Cal. 176 [14 P. 580, 2 Am.St. Rep. 785]; *Bank of Lassen County* v. *Sherer,* 108 Cal. 513 [41 P. 415]; *Norland* v. *Gould,* 200 Cal. 706 [254 P. 560]; *Deberry* v. *Cavalier,* 113 Cal.App. 30 [297 P. 611]; *Hertter* v. *Addis,* 89 Cal.App. 160 [265 P. 298]; *Harmon* v. *Hopkins,* 116 Cal.App. 184 [2 P.2d 540]; *Estate of Cone,* 35 Cal.App.2d 226 [95 P.2d 183]; *Hudson* v. *Hudson,* 129 Cal. 141, 142 [61 P. 773].

It should be noted that many sections of our codes contain the word "juror" and others the word "jury." The meaning

of "juror" depends upon the context in which the word is used (31 Am.Jur., Jury, § 3, p. 9). 1 Bouvier's Law Dictionary (8th ed.) page 1769, thus defines juror: "Juror (Lat. *juro*, to swear). A man who is sworn or affirmed to serve on a jury.

"Any person selected and summoned according to law to serve in that capacity, whether the jury has been actually impaneled and sworn or not. *State* v. *McCrystol*, 43 La.Ann. 907 [9 So. 922]."

31 American Jurisprudence, Jury, section 3, page 9, states that people on a jury list are sometimes referred to as "jurors" and that the word is also used to define persons whose names have been drawn and placed in the jury wheel, or persons in that category whose names are actually drawn from the wheel for a venire, and who are summoned to court as a panel, or persons actually sworn to try a case. (See also, Black's Law Dictionary (4th ed.) under the word "juror," and also 23 Words and Phrases (perm. ed.) pp. 419-421.)

However, the word "jury," as applied to a trial, denotes only the official group of persons actually sworn to act at the trial, usually 12 in number, and never more than 12. (See 23 Words and Phrases (perm. ed.) p. 422 et seq.; Black's Law Dictionary (4th ed.), under the heading "jury"; 1 Bouvier's Law Dictionary (8th ed.) p. 1769; 31 Am.Jur., Jury, § 2, pp. 7-9.)

When our codes provide that jurors must be paid a per diem jury fee and mileage, the word "juror" often refers to members of the jury panel. Normally, many more than the actual 12 who eventually serve as a jury are summoned to attend the court so that without unnecessary loss of time 12 competent persons may be selected from the panel. The trial courts in summoning these panels have in mind that some of the members will have adequate excuses, that some may be absent from the community, that each side will have a number of challenges for cause or peremptorily, and that the number of jurors on the panel must therefore exceed 12 by a considerable margin. There are provisions of our law which require the payment by the litigants in civil cases, and by the state in criminal cases, of those persons who ultimately constitute the jury. ■ But who is required to pay the veniremen who for one reason or another are not selected to be sworn as members of the jury? The answer is clear; it is the state's duty to pay the per diem fees and mileage of such other "jurors." In the case of *Williams* v. *Myer*, 150 Cal. 714, 719-

720 [89 P. 792], it is said: ''But we can find no warrant in law for imposing on the defendant, in addition to these terms, the payment to the clerk of the court of the per diem and mileage paid by and due from the county to jurors summoned for the trial, amounting to $240.90. These were the expenses of the general panel of jurors and under no circumstances could be considered as costs in the action or taxable as such. It was part of the governmental duty of the county of Inyo, in the administration of justice therein, to furnish to litigants in its courts, entitled to have their cases tried before a jury, a panel consisting of sufficient competent persons from which the litigants might select a trial jury. The expense of securing the attendance on court of that panel is paid by the county as one of the general expenses of government. When a trial jury has been selected from the panel, the liability of the litigants to pay that jury then attaches, but it only attaches then as far as the members of the trial jury are concerned. As to the rest of the panel the litigants never were liable for any expenses relative to them. In the case at bar the court made an order directing the plaintiff to pay the per diem of the jurors selected to try the case, and as a matter of justice this should have been all, as to the jurors, which he should have been required to pay. The expense of providing the general panel was not an expense of defendant, and of course payment was not directed to be made to defendant, but to the county of Inyo, which was not a party to the action. It was as much the governmental duty of the county of Inyo to furnish the panel of jurors and pay the expenses of such as the litigants did not select to try their case as it was to furnish a courthouse and court for the administration of justice, and the court could have as consistently charged the plaintiff with a proportionate share of the salary of the judge as with the expenses incurred by the county in providing the general panel out of which the trial jurors were selected. The matter here under consideration does not present a situation where a jury trial was demanded, a panel provided, and then an amendment allowed under circumstances which necessitated a continuance of the trial without the selection of a trial jury at all, and where the amendment is granted on condition that the moving party pay the expenses of the attendance of the panel. (See *Baumberger* v. *Arff*, 96 Cal. 261 [31 P. 53].) Here a trial jury had been selected from the panel and all members of the panel other than those selected must have been discharged from attendance, or excused till some future date.

In any event, as far as the case at bar was concerned, the panel had been discharged for all purposes. No amendment or continuance of the case could possibly affect the panel or the relation of the court, the litigants, or selected jury to it. It was at an end for all purposes as to them.''

In *Jackson* v. *Baehr*, 138 Cal. 266 [71 P. 167], it was held that a juror in a criminal case who was in attendance upon the court as a juror for a period of 13 days, but only served in the jury box during a trial for three days, was entitled to pay for all 13 days from the City and County of San Francisco.

The county owes the duty to pay members of a jury panel for the time actually occupied by its members in the superior court at the rate specified by law, and to pay one way mileage also; subject, however, to the provision of law in civil cases that upon the swearing of the jury, the litigant demanding the jury must pay each day the amount of the fee for each of the 12 through the clerk's office, together with mileage as provided by law.

The mileage for the jurors chosen and sworn to try the case cannot be ascertained before the selection of the jury, because they come from various distances; on the first day of their selection, however, upon demand of the clerk, the litigant who has requested the jury must pay their first day's mileage. Thereafter, during the service of the jury in the case, the party at whose instance the jury was selected and sworn must pay the fees provided by law. These payments of fees and mileage are costs of suit, which may become recoverable from the opposing party depending on the outcome of the case.

The right to a jury trial may not be waived by implication, but only affirmatively and in the manner designated by section 631 of the Code of Civil Procedure. (*Biggs* v. *Lloyd*, 70 Cal. 447 [11 P. 831]; *DeCastro* v. *Rowe*, 223 Cal.App.2d 547, 552 [36 Cal.Rptr. 63]; *City of Redondo Beach* v. *Kumnick, supra*, 216 Cal.App.2d 830, 835; *Hayden* v. *Friedman*, 190 Cal.App.2d 409, 411 [12 Cal.Rptr. 17]; *Gardner* v. *Shreve*, 89 Cal.App.2d 804, 809 [202 P.2d 322].)

It is contended by the real party in interest that the Superior Court of Stanislaus County had a right to make provision by its local rules of court as to the amount of jury fees to be deposited, and that this is true notwithstanding the fact that the Legislature had made rules at variance with the local rules. Section 68070 of the Government Code provides as

follows: "Every court of record may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council. Such rules shall not: (a) Impose any tax, charge, or penalty upon any legal proceeding, or for filing any pleading allowed by law. (b) Give any allowance to any officer for services." Section 68071 of the Government Code provides as follows: "Copies of all rules, and amendments to rules, adopted by the superior courts and municipal courts shall be filed with the Judicial Council at least 30 days prior to the date when they take effect. Copies of such rules and amendments shall be filed with the clerks of the respective courts and be available for public examination." Section 68072 of the Government Code provides as follows: "Rules for courts of record adopted by the Judicial Council or other authority shall take effect on a date to be fixed in the order of adoption. If no effective date is fixed, rules affecting the Supreme Court and district courts of appeal shall take effect 60 days after their adoption, and rules affecting the superior courts, the municipal courts, or justice courts shall take effect 30 days after their adoption."

The Superior Court of Stanislaus County did send copies of the proposed, questioned rules for filing to the Judicial Council as prescribed; however, the mere fact that proposed rules were filed did not in the slightest degree indicate that these rules were approved and adopted by the Judicial Council or that they became effective merely by virtue of the method of filing.

 It is apparent from a review of the factors involved in the present proceeding that the Legislature pursuant to constitutional authorization has prescribed the conditions under which a jury may be waived, and that the local courts have no power to adopt or enforce rules at variance with those of the state. This field has been preempted by the Legislature, and it is improper to attempt to prescribe or enforce varying local rules on the subject. It is of the utmost moment that there be a uniform set of requirements on this subject applicable to the superior courts of the entire state.

The conclusion reached by us with respect to the necessary deposit by a litigant to secure a jury in a civil case in the superior court is identical with that of the Attorney General expressed in a comprehensive and well-supported opinion in 1963. (42 Ops. Cal. Atty. Gen. 105.)

It is ordered that a peremptory writ of prohibition issue forbidding the Superior Court of Stanislaus County to refuse a jury trial to the petitioner in the case of *Ruth Johnson* v. *Turlock Golf & Country Club, et al.,* No. 87433, in view of the fact that said petitioner has made a timely deposit with the County Clerk of Stanislaus County of at least the sum of $60 as required by law.

Brown (R. M.), J., and Stone, J., concurred.