[Civ. No. 7564. First Appellate District, Division Two.—June 23, 1931.]

L. STERN et al., Respondents, v. A. M. HILLMAN et al., Appellants.

Arthur W. Jones and Otto G. Kuklinski for Appellants.

Livingston & Livingston for Respondents.

GRAY, J., *pro tem.*—On July 23d, respondents served and filed a memorandum, required by rule I of the Rules of the Superior Court, adopted by the Judicial Council, to set the above action at law for trial. The county clerk on August 16th notified both parties in writing that the case was on the "Civil Trial List", and would be called in the department of the presiding judge on August 22, at 2 P. M., at which time the parties were instructed to be present as the date of trial would be then fixed. Appellants, on August 20th served and filed a written demand for a trial by jury. The court on August 22d, no appearance being made by appellants or

their attorneys, but its clerk having informed it of the filing of the written demand, set the case for trial without a jury. Several months before date of trial, appellants' motion to transfer the case from the court calendar to the jury calendar was denied. From the judgment in favor of respondents, rendered after a trial in which they participated, appellants appealed on the sole ground that they were unlawfully denied a trial by jury.

Respondents' objection to our consideration of this question, because appellants' failure to prepare a transcript of the evidence prevents us from ascertaining the issues tried, is without merit. Appellants' right to a jury trial is determined by the character of the issues framed by the pleadings. (*Reiner* v. *Schroeder*, 146 Cal. 411 [80 Pac. 517].) The pleadings, which are before us, clearly show that the issues thereby framed are for debt, a legal action. Any error in denying a jury trial is not waived by going to trial, after such denial, but may be reviewed upon a direct appeal from the judgment. (*In re Robinson*, 106 Cal. 493 [39 Pac. 862].) "In a civil action at law wherein a jury is demandable as of right and is duly demanded it doubtless would be reversible error to deny such demand. (*Farrel* v. *City of Ontario*, 39 Cal. App. 351 [178 Pac. 740]; *Estate of Baird*, 173 Cal. 617 [160 Pac. 1078].) But the parties to a civil action may waive a jury. . . . " (*Amos* v. *Superior Court*, 196 Cal. 677, 680 [239 Pac. 317].) In support of the judgment, respondents contend that appellants waived their right to a jury trial because of noncompliance with the provisions of said rule I and also because of noncompliance with the provisions of subdivision 4 of section 631 of the Code of Civil Procedure. Appellants object to our consideration of the noncompliance with the code section, because they claim the trial court's ruling was made after a sole consideration of noncompliance with the rule. The fact that respondents relied upon the rule in asking the court to deny a jury trial, does not show that the court did not consider the code section in making its ruling.

But even if it did not, our review would not be limited to ascertaining whether the court assigned a correct reason for its ruling, but would be concerned with a determination as to whether the ruling is correct under the law applicable to the facts. (2 Cal. Jur. 809.)

■ Section 631 of the Code of Civil Procedure provides that ''trial by jury may be waived by the several parties to an issue of fact in manner following: . . . 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice. . . . '' The language clearly fixes the time, place and manner of demanding a jury trial. Since the language is unambiguous and certain, there is no need for construction or interpretation (23 Cal. Jur. 721). ■ Admittedly appellants had notice, but did not announce that a jury was required at the time the case was first set upon the trial calendar. Were we to hold that a written notice filed with the clerk two days prior complied with this section we would be substituting a different time, place and manner for that prescribed by the legislature. To do so would revive that uncertainty as to what constitutes a waiver of jury trial which existed prior to the legislative definition and which the legislature by adding the various subdivisions to this section sought to remove. Such judicial legislation would hamper, by creation of doubt, legislative and judicial endeavors to expedite the administration of justice. ■ Had appellants failed to comply with section 631 because of mistake, inadvertence, surprise or excusable neglect, they could have moved for relief under section 473 of the same code. (*Bennett* v. *Hillman,* 37 Cal. App. 586 [174 Pac. 362]; *Mathews* v. *Hornbeck,* 80 Cal. App. 704 [252 Pac. 667].) Evidently no ground existed for such relief because no such motion was made, the appellants contenting themselves merely with a motion for a transfer from the nonjury to the jury calendar.

Since a jury trial was waived by noncompliance with the code section, it becomes unnecessary to consider whether there was a waiver under the rule. The court's denial of a jury trial being correct, the judgment is affirmed.

Spence, Acting, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 23, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1931.