[Sac. No. 4703. In Bank.—January 27, 1933.]

OSCAR DUNHAM, Respondent, v. JOSEPH A. REICHLIN, Appellant.

[Sac. No. 4704. In Bank.—January 27, 1933.]

ERNEST EICHEN, Respondent, v. JOSEPH A. REICHLIN, Appellant.

J. Hampton Hoge, Len H. Honey and A. Dal Thomson for Appellant.

M. H. Iversen and Frank W. Taft for Respondents.

SHENK, J.—These appeals are from judgments for the plaintiffs in consolidated actions. Both causes of action arose out of a collision between an automobile driven by Lorenz Eichen in which the plaintiff Dunham was riding and an automobile driven by the defendant. Dunham suffered personal injuries and in one action sued to recover damages therefor. Lorenz Eichen was killed and the other action was brought by his father to recover damages for alleged wrongful death. The actions were consolidated for trial and were tried by the court sitting without a jury. Judgment for the plaintiff Dunham was entered for $5,844, and for the plaintiff Eichen in the sum of $6,000.

On August 15, 1930, the cases were first put upon the trial calendar. At that time a trial by jury was demanded by the plaintiffs. No demand for a jury was then made by the defendant. The plaintiffs at no time deposited jury fees. The causes were set down for trial on October 6, 1930. Three days prior thereto the defendant made the deposit of jury fees. When the cases were called for trial

there was no jury in attendance, owing to the fact that counsel for the plaintiffs had notified the court some time prior thereto that the plaintiffs had abandoned their right to a trial by jury. Counsel for the defendant then announced that the defendant had paid the jury fees three days prior thereto and requested a jury trial. The request was denied.

Two contentions are made on this appeal: (1) That the court erred in refusing the defendant's demand for a jury trial; and (2) that the amount of damages awarded to the plaintiff Dunham is grossly excessive.

As bearing upon the first point it is undisputed that on August 15, 1930, the cases were first set upon the trial calendar to be tried on October 6, 1930; that on August 20, 1930, and again on September 2, 1930, the defendant was notified of the date of trial. He therefore had ample time and opportunity to demand a jury, had he so desired. Section 631 of the Code of Civil Procedure provides as follows: "Trial by jury may be waived . . . 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation."

The defendant contends, however, that where, as here, one party to the litigation has demanded a jury, it becomes unnecessary for the other party to do so, and that he may rely upon the demand of his adversary. But the provisions of the code above quoted are unqualified, unambiguous and certain. (*Stern* v. *Hilman*, 115 Cal. App. 156 [300 Pac. 972].) It is reasonable to assume that if an exception to the requirements laid down by the code were to be effective, the legislature would have inserted it. We conclude that there was no error in denying the defendant's request under the record here presented.

As to the second point we adopt that portion of the opinion of the District Court of Appeal, First District, Division One, prepared by Mr. Justice Knight, as correctly disposing of the contention: "The evidence shows that besides receiving numerous cuts and abrasions and bruises about the head, shoulders, chest and legs, Dunham suffered concussion of the brain, two ribs were broken and he sustained permanent and serious injuries to the left ear and

the right eye. The injuries to the ear consisted of a rupture of the ear drum and an obstruction of the bones of the ear, which has resulted in permanent and total deafness in the left ear; and as to the injuries to the eye the evidence shows that a hemorrhage took place under the retina, which left a blood clot, as a result of which he is afflicted with double vision. In describing this condition his physician testified: 'Well, his chief disturbance was a double vision when looking to the left; the double vision was present in both eyes but later cleared in the left and has cleared in the right so that he can look to an angle of about fifty degrees towards the left,—that is, bringing the eyeball to the left and then his double vision begins. I would say there is a permanent loss of vision in one half of the field.' The evidence further shows that at the time of trial he was still affected with dizziness, which impaired his capacity for work. He was confined to the hospital for ten days and afterwards remained under the doctor's care for about four months. His special damage amounted to $344, which leaves $5,500 to compensate him for pain, suffering, and the injuries above mentioned; and in view of the fact that both his sight and hearing have been permanently impaired to the extent above described, we cannot say as a matter of law that the amount awarded as damages therefor is, as defendant claims, grossly disproportionate.''

The judgment in each action is affirmed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.