[S. F. No. 14953. In Bank.—March 1, 1934.]

THE MUTUAL BUILDING AND LOAN ASSOCIATION OF LONG BEACH (a Corporation), Respondent, v. AUGUSTA CORUM et .al., Appellants.

George D. Collins, Jr., and Alfred J. Hennessy for Appellants.

Fitzgerald, Abbott & Beardsley, Herbert C. Jones and Jones & Douglas for Respondent.

CURTIS, J.—This is an appeal by the defendants, upon the judgment-roll and a bill of exceptions, from the final judgment in favor of the plaintiff, in an action at law to recover a deficiency judgment in the sum of $28,474.83, claimed to be the balance due the plaintiff on a promissory note executed by the defendants, after crediting upon the note the proceeds of a sale by the trustees under a trust deed given as security for the payment .of the note. The note, which was for $65,000, was executed by the defendants on November 21, 1925, to the "Mutual Building and Loan Association of San Jose and College Park", as payee. The deed of trust securing the note was executed concurrently with the note by the appellant, Augusta Corum, as trustor, to the

trustees therein named, and named as beneficiary, ''California Mutual Building and Loan Association''. The name of the corporation named as payee in the promissory note had previously, on November 29, 1924, been changed by a decree of the Superior Court of Santa Clara County to ''California Mutual Building and Loan Association''. On February 2, 1927, the note was indorsed by the California Mutual Building and Loan Association to plaintiff. On April 4, 1930, the property described in said trust deed was sold by substituted trustees to plaintiff for $50,000, and there being a claimed deficiency of $28,474.83, plaintiff commenced this action for said amount. The defendant Corum filed an answer and cross-complaint. By the cross-complaint she sought to set aside and vacate the sale upon the ground that said sale was illegal and void. A demurrer to the cross-complaint was sustained, and upon the refusal of cross-complainant to amend, judgment was rendered for the plaintiff as to the cross-complaint. On September 28, 1931, plaintiff served upon defendants' attorneys a memorandum to set the cause for trial, as required by rule I of the rules adopted by the Judicial Council of California regulating the business of the superior court, and filed the same with an affidavit of service with the clerk of the court. On December 31, 1931, defendant Corum served and filed a written demand for a jury trial. On January 4, 1932, the date when the cause came before the presiding judge for the purpose of fixing a definite date for the trial of the case, defendant Corum demanded in open court a jury trial of the case, she having previously deposited the necessary jury fees. The demand was denied, and the cause was set for January 28, 1932, for trial without a jury. The trial came on for hearing on said date before the court without a jury, and judgment was entered in favor of plaintiff.

 Appellant claims that the denial to her of a jury trial constituted reversible error. She contends that she did not waive her right to a jury trial because she had complied strictly with the requirements of section 631 of the Code of Civil Procedure which specifies the manner in which a jury trial may be waived by a party. Respondent contends that appellant waived her right to a jury trial by noncompliance with rule I of the rules adopted by the Judicial Council of California regulating the business of the superior court

(hereinafter referred to as rule I). It is respondent's position that although rule I does not prescribe a waiver for noncompliance therewith, said rule was enacted by the Judicial Council to clarify and make more definite the provisions of subdivision 4 of section 631 of the Code of Civil Procedure, which does prescribe a waiver for failure to comply with its provisions, and that a noncompliance with rule I is *ipso facto* a noncompliance with subdivision 4 of section 631 of the Code of Civil Procedure. In other words, it is respondent's theory that rule I is consistent with and in conformity with said section 631, that the requirements are identical and the time specified in each for the making of a demand for a jury trial is the same. Appellant's position is that rule I prescribes other and different requirements than does section 631 of the Code of Civil Procedure, and that the time specified in said code section as the proper time to make a demand for a jury trial is different from and subsequent to the time specified in rule I, and that a demand made at the time specified in section 631 of the Code of Civil Procedure, effectively preserves a litigant's right to a jury trial, irrespective of whether such litigant has failed to fulfill the requirements of rule I. Appellant concedes that perhaps a compliance with rule I may be sufficient to prevent a waiver of the right to a jury trial, but points out that under her theory the question of whether it does or does not is not here involved, but merely the question of whether her demand satisfactorily fulfilled the requirements prescribed by section 631 of the Code of Civil Procedure.

There can be no doubt that the defendant failed to comply with rule I. In fact, it is expressly conceded that she did not. Rule I provides that, ''For the purpose of setting a civil cause for trial, there shall be filed by a party to the cause a memorandum which shall state that the cause is at issue, and which shall set forth the number and title of the cause, the nature of the cause, the time estimated for the trial thereof, whether a jury trial is demanded, and the respective names, addresses, and telephone numbers of the attorneys for the respective parties. Prior to the filing thereof, a copy of said memorandum shall be served upon the attorneys for all parties, and unless admission of service is indorsed upon the memorandum filed, the same shall be accompanied by an affidavit showing such service. No cause

shall be set for trial unless the memorandum herein mentioned shall have been served and filed; provided, however, in the event the cause shall be set upon stipulation, the latter shall be accompanied by a corresponding memorandum. In case a jury trial is not demanded by the party filing such memorandum, any other party to the cause desiring a jury trial shall have five (5) days, after service of such memorandum, within which to file and serve his written demand for a trial by jury.'' Subdivision 4 of section 631 of the Code of Civil Procedure, provides that a trial by jury may be waived by a party ''by failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation.''

The controversy therefore resolves itself into a question of the proper interpretation of subdivision 4 of section 631 of the Code of Civil Procedure. Just what does the language, ''at the time the cause is first set upon the trial calendar'' mean? Does it mean, as respondent contends, at the time the memorandum to set the cause for trial is first filed with the clerk of the court as required by rule I? Or does it mean, as contended by appellant, at the precise time the case first comes before the judge to be set for trial at a definite, fixed future date?

We are of the opinion that the language used in section 631 of the Code of Civil Procedure, ''at the time the cause is first set upon the trial calendar'' is synonymous with the words, ''at the time the case is set for trial''. In matters of court procedure it is most important that the steps to be taken should be easily ascertainable and readily understood and that the rights of clients to jury trials, or other aids to the administration of justice, should not be jeopardized by a strained construction of a statute prescribing judicial practice and procedure. A strained construction should, therefore, be avoided and the words given the meaning they commonly convey.

Prior to the very existence of the Judicial Council and prior, of course, to the promulgation of rule I, it was assumed and taken for granted that the time specified in subdivision 4 of section 631 of the Code of Civil Procedure, at which a demand for a jury trial must be made if the right to a

jury trial was to be protected and preserved, was at the time a definite date was assigned. by the presiding judge for trial. (*Hertter* v. *Addis,* 89 Cal. App. 160 [265 Pac. 298, 300].) In that case some time prior to December 6, 1922, the case "was set down for trial", at which time the appellants demanded a jury trial. The question involved in that case was whether a noncompliance with certain rules of court operated as a waiver of a party's right to a jury trial in the absence of a provision in such rules that such noncompliance would constitute a waiver thereof, provided said party had complied with the provisions of section 631 of the Code of Civil Procedure. The court there held such noncompliance did not operate as a waiver, and in so holding said, referring to the proper payment of jury fees and to the demand for a jury trial having been made in the proper manner on the date of the setting of the cause for trial, "It is apparent that appellants' rights to a trial by jury were not waived in any of the manners provided by the section from which we have just quoted." (Sec. 631, Code Civ. Proc.) Since that decision other cases have accepted this construction as the true one and have postulated their conclusions upon the premise that the time "the cause is first set upon the trial calendar" is synchronous with the time "the case is first set for trial". (*Hoffman* v. *Southern Pac. Co.,* 101 Cal. App. 218 [281 Pac. 681], *Stern* v. *Hillman,* 115 Cal. App. 156 [300 Pac. 672], *McGregor* v. *Wright,* 117 Cal. App. 186 [3 Pac. (2d) 624], and *Dunham* v. *Reichlin,* 217 Cal. 289 [18 Pac. (2d) 664].) In *Hoffman* v. *Southern Pac. Co., supra,* the court in holding that a demand for a jury trial sufficed to preserve the party's right to a jury trial upon the second trial of the case, was referring to a demand made on October 24, 1927, on which date, "the case was set for trial". The record in the case of *Stern* v. *Hillman, supra,* shows that the point was made by the respondent there as here that the cause was first set upon the trial calendar when the clerk filed the memorandum and that appellant had waived his right to a jury trial because he had failed to file his written demand for a jury trial within five days after the service upon him of the memorandum. In that case, the court declined to consider the question at all of whether appellant had or had not waived a right to a jury trial by a failure to comply with the provisions of

rule I, and after pointing out that the written demand by appellant for a jury trial was made two days prior to the time when the cause came before the judge to have a definite date assigned to it for trial, held that inasmuch as appellant did not, on the day the case came up to be set for trial, announce that a jury trial was demanded, he had by such noncompliance with code section 631 of the Code of Civil Procedure, waived his right to a jury trial. In *McGregor* v. *Wright, supra,* the appellant had failed to comply with the provisions of rule I and also had failed to be present and demand a jury trial on February 17, 1930, the date the cause was set for trial for March 14, 1930. The court there held that a jury trial might be waived, "by failing to announce that a jury trial is required at the time the cause is first set for trial if set upon notice". In *Dunham* v. *Reichlin, supra,* the court in holding that each party must make a proper demand for a jury and one party is not entitled to rely upon the demand made by the opposing party, stated that on August 15, 1930, "the cases were put upon the trial calendar" and later that "on August 15, 1930, the cases were first set upon the trial calendar to be tried on October 6, 1930", thereby obviously construing section 631 of the Code of Civil Procedure, as referring to the fixing of a definite date for trial rather than the filing of the memorandum to set the cause for trial with the clerk. It is apparent that this is the construction commonly given to this code section by the bench and bar, and the fact that this meaning has been so unhesitatingly accepted as the true meaning is a cogent argument for holding that it is the correct one. In *Stern* v. *Hillman, supra,* the court in holding that the appellant had waived his right to a jury trial by failing to demand a jury at the time the case was set for trial for a definite future date and immediately following a direct quotation of subdivision 4 of section 631 of the Code of Civil Procedure, said, "the language clearly fixes the time, place and manner of demanding a jury trial. Since the language is unambiguous and certain, there is no need for construction or interpretation."

Moreover, we are of the opinion that a consideration of the rules in their entirety, adopted by the Judicial Council for the regulation of the business of the superior court, will indicate that the filing with the clerk of the memorandum

to set a cause for trial is not a setting of the cause upon the trial calendar. Rule II provides that the clerk shall prepare a list of all civil cases not yet set for trial and wherein a memorandum to set the same has been served and filed, and shall on the same day post a copy of said list in a conspicuous place in his office, where the same may be available for examination by attorneys. Said list shall be known as the "Civil Active List". Rule III, which is applicable to Alameda County, provides that thereafter on certain designated days, "there shall be set for trial under the supervision of the Presiding Judge, during the next succeeding calendar month, as many civil cases as can reasonably be disposed of by the Court during said period". The cases thus set shall be taken from the "Civil Active List". The superior court shall cause to be published on the day next following every setting of causes for trial, in a newspaper of general circulation published at the county seat, a list of all cases thus set for trial. On the same day, the clerk shall cause a copy of said list to be posted in a conspicuous place in his office, where the same may be available for examination by attorneys. Said last-mentioned list shall be known as the "Civil Trial List". Rule XXIII provides that, "all civil causes shall be set for trial upon the calendar of the department of the Presiding Judge". Obviously, in these rules, the "setting" of a cause means the fixing of a definite future date by the order of the presiding judge for the trial thereof, and the time therein when a cause is "set for trial" is the time when the cause comes up to have a future date fixed and assigned by the judge for the hearing of said cause.

Respondent points out that the code section does not say, at the time the cause is "first set for trial", but does say at the time the cause is "first set upon the trial calendar", and insists that the "trial calendar" is not the "Civil Trial List" referred to in rule III, but is composed of both the "Civil Active List" and the "Civil Trial List". We cannot agree. The Civil Active List is prepared by the clerk only once a month and it may well happen that a considerable number of days may elapse between the filing of the memorandum to set and the preparation by the clerk of the "Civil Active List". If the case is first set upon the trial calendar, as claimed by respondent, at the time

of the filing of the memorandum to set with the clerk, the Civil Active List is not yet then in existence, and if the "trial calendar" consists of the "Civil Active List" and "Civil Trial List", of necessity the "trial calendar" is not yet in existence. Moreover, since subdivision 4 of section 631 of the Code of Civil Procedure, was enacted in 1915, and rule I was not promulgated until 1929, it is plausible to suppose that the term, "trial calendar" referred to in the code section referred not to some calendar to be devised in the future, but to the calendar in existence, the calendar upon which the cases were set down for trial for a certain definite future date. To hold that the language, "at the time the cause is first set upon the trial calendar" refers to the filing of the memorandum to set with the clerk requires us to define the verb "to set", commonly understood in legal parlance as the fixing by the court by an order of the judge of a definite future date for the trial of an action, as meaning "to file with the clerk" the memorandum to set. It also leaves us in doubt as to what is meant by a "trial calendar". Other difficulties might be pointed out to an acceptance of the construction claimed by respondent for section 631 of the Code of Civil Procedure, but these we think are sufficient.

The action being one to recover a money judgment on a balance alleged to be due on a promissory note, the defendant was entitled to a trial by jury unless she had in some manner waived said right. (Sec. 592, Code Civ. Proc.) We have held that having complied with the requirements of section 631 by demanding a jury trial on January 4, 1932, at the time the presiding judge set the case for trial for January 28, 1932, appellant did not waive that right. And in the absence of such waiver, she did not lose that right by going to trial without a jury, but is entitled to a reversal of the judgment. (*Farrell* v. *City of Ontario*, 39 Cal. App. 351 [178 Pac. 740]; *Stern* v. *Hillman, supra; Hertter* v. *Addis, supra.*)

Upon the ground that the complaint failed to state a cause of action, the appellants raised certain objections which involved the validity of the sale of the property which should be here disposed of to guide the trial court in the event that a further trial may be had. These objections, briefly stated, are as follows: (1) The note being

made payable to the Mutual Building and Loan Association of San Jose and College Park, whereas the name of said corporation had been changed to California Mutual Building and Loan Association, there was in existence at the time of the execution of the note no corporation of that name, and the note was therefore a nullity; the assignment by the California Mutual Building and Loan Association in its own name was void and plaintiff took no title to said note; and the notice of default given by the plaintiff, who by reason of said void assignment held no title thereto, was ineffective; (2) the application to sell said property having been made to substituted trustees prior to the recordation of their substitution was ineffective; and (3) the notice of breach and of the election to cause said property to be sold to satisfy said obligations was fatally defective in that it failed to allege that the breach of the obligation was the failure to pay the entire sum due after an election by the plaintiff to accelerate the maturity date of the note for failure to pay one installment, but restricted said notice of breach and default to failure to pay the installments and interest due for the months of April, May and June, 1929. The District Court of Appeal has held that these objections are not tenable, and we adopt with some slight modification that portion of the opinion of the District Court of Appeal which deals with this phase of the case as correctly disposing of these objections:

■ "The note was made payable to the Mutual Building and Loan Association of San Jose and College Park; and it appeared that the name of this corporation had previously been changed to California Mutual Building and Loan Association, but that it was designated therein by its former name. This we think was sufficient as against either a general or special demurrer, as a change in name does not affect the identity of a corporation, although it may have the effect of requiring additional averments in pleading for the purpose of showing such identity. (14 Cor. Jur., Corporations, sec. 386, pp. 321, 322.) Here the averments were sufficient to identify the corporation.

■ "The complaint alleged that plaintiff recorded the notice of default and it is contended that this was insufficient as there was nothing therein to show that plaintiff acquired title to the note and deed from the Mutual Build-

ing and Loan Association of San Jose and College Park, the allegation being that title was acquired from California Mutual Building and Loan Association. As heretofore stated, the change of name by the payee corporation was alleged, and the fact that the note was taken by its former name was not material.

■ "There was a substitution of trustees under the deed, and the complaint alleged an application to the new trustees to sell the property after default. The point is made that the application was made before the recordation of the substitution of trustees, and that consequently the application was invalid. It appears that an instrument was duly executed substituting new trustees before the application was made and that this instrument was subsequently recorded. Under the trust deed the recordation of the instrument was made conclusive proof of proper substitution, and its validity was not dependent thereon. Under the deed its due execution was sufficient.

■ "The trust deed provided that if default should be made in any payment on the note, whether of principal or interest, the beneficiary might consider the note as immediately due and payable, and record in the office of the recorder of the county wherein the property is situated 'a notice of such breach and of its election to cause said property to be sold to satisfy said obligations'. The complaint alleged that the plaintiff did elect to consider the entire principal and interest of the note due and payable, and recorded 'a notice of default and election to cause said property to be sold to satisfy said obligation'. Defendant contends that in the absence of an allegation that a notice of breach for nonpayment of the entire debt as accelerated to maturity was recorded, the complaint failed to state a cause of action. Section 2924 of the Civil Code provided that when a power of sale was conferred upon a trustee or any other person, to be exercised after the breach of the obligation secured, there should be recorded a notice of such breach and of his election to sell or cause to be sold such property to satisfy the obligation. The recorded notice does not appear in the record, but the complaint shows sufficiently a compliance with the provisions of the deed and the code section.

■ "There was no allegation that plaintiff's board of directors exercised the option to declare the entire indebtedness due. Section 639 of the Civil Code provided that the directors of a building and loan association might so elect in case of default. Here it was alleged that plaintiff elected to declare the entire indebtedness due. This was sufficient as an allegation of ultimate fact."

■ Appellants also objected that the amended complaint contained no allegation that the sale of the property had been conducted as required by law (sec. 694, Code Civ. Proc.), and by the provisions of the trust deed. Although the allegation with respect to the sale of the property is not as clear as might be desired, it is, in our opinion, susceptible of the construction that the sale had been properly conducted. The special demurrer did not raise this point. Upon the new trial of the case, the plaintiff may, if it is so advised, amend this pleading to eliminate any uncertainty as to its correct meaning.

As practically the same objections were set forth in and formed the basis of defendants' cross-complaint, it follows that the trial court properly sustained a demurrer to said pleading. The judgment rendered for the plaintiff on said cross-complaint is therefore affirmed. For the failure of the trial court to grant to defendants a jury trial, the judgment, other than that part based upon said cross-complaint, is hereby reversed.

Langdon, J., Shenk, J., Waste, C. J., Seawell, J., and Preston, J., concurred.

Rehearing denied.