[Civ. No. 9644.   Third Dist.   Jan. 8, 1960.]

MARY MEDEIROS, Plaintiff and Appellant, v. JOHN F. MEDEIROS et al., Defendants and Appellants.

John H. Machado for Plaintiff and Appellant.

Francis W. Halley and Zeff, Halley & Price for Defendants and Appellants.

SCHOTTKY, J.—John F. Medeiros and Mamie P. Cotta, as special administratrix of the estate of Manuel Medeiros, appeal from an order of the trial court granting Mary Medeiros a new trial in an action brought by her to quiet title to certain real and personal property, and Mary Medeiros appeals from the judgment in favor of John Medeiros.

THE APPEAL OF JOHN MEDEIROS AND MAMIE P. COTTA, AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF MANUEL MEDEIROS:

The complaint filed by Mary Medeiros alleged that she was the surviving wife of Manuel Medeiros who, during his lifetime, was the owner of certain described real property and of a bank account containing the sum of $4,000; that the property was community property; that Mary Medeiros, as the surviving wife, is the owner of the property in fee; that the defendant John Medeiros claims to have an interest in the real property based on alleged deeds executed prior to the death of Manuel Medeiros; that the deeds were recorded after the death of Manuel Medeiros; that the claim of John Medeiros to the bank account is based on a purported assignment and gift; that the deeds and the assignment were without consideration; that the deeds and the assignment were executed without the consent of Mary Medeiros; that the deeds were never delivered; that the claims of the defendants cloud the right, title and interest of the plaintiff; and that the defendants had no right, title or interest in either the real property or the $4,000.

A second cause of action alleged that the plaintiff is and at all times was entitled to possession of the property and the $4,000 and that the defendants assert an interest in the property and that their claim is without right. Three other causes of action alleged lack of delivery, undue influence and fraud.

Prior to the trial each cause of action was amended, with leave of the court, to allege "That at the time of the commencement of this action, defendants were and are now in possession of said real property and were and are now wrongfully and unlawfully withholding the same." Thereafter a memorandum to set the cause for trial was filed. Then a demand for a jury trial was made and later a motion was filed in which the

court was asked for an order determining and setting forth the equitable and legal issues raised by the pleadings, so that the plaintiff could be informed what issues were to be tried by the court and which by the jury. On September 23, 1957, the court denied the demand for a jury trial and also the motion to determine the legal and equitable issues. The cause proceeded to trial before the court sitting without a jury and at its conclusion the court determined the property was the separate property of the deceased; that the transfers were voluntary and intentional acts effected by actual delivery; that there was no undue influence or misrepresentation practiced by the grantee of the property. Judgment was thereafter entered denying Mary Medeiros relief.

Thereafter Mary Medeiros made a motion for a new trial. The major contention was that the court erred in denying her a jury trial. After a hearing the trial court granted her a new trial on the ground that legal issues were raised by the complaint and cross complaint as amended which entitled her to a jury trial. The judgment was vacated and a new trial ordered. This appeal followed.

The first question which we must determine is whether or not the plaintiff Mary Medeiros was entitled to a jury trial. The rules for determining whether or not a quiet title action is equitable or legal, and whether or not a jury trial may be had, are succinctly stated in *Thomson* v. *Thomson*, 7 Cal.2d 671, 681 [62 P.2d 358, 117 A.L.R. 1]:

"(1) In a simple action to quiet title when the possession of the property is not involved, it is an equitable action.

"(2) When the right of possession is involved, the nature of the action, that is whether it is cognizable in an action at law, or in a court of equity, depends upon the following facts and circumstances.

"(a) If plaintiff is in possession and no claim is made that he has ousted the defendant of possession, the action is equitable and triable by the court without a jury.

"(b) If plaintiff is in possession and defendant by answer or complaint avers that he was recently ousted of possession of the property involved, the action is in reality one at law, and the parties thereto are entitled to a jury trial.

"(c) If the plaintiff is out of possession and seeks by an action to quiet title to recover possession, the action is triable in a court of law.

"(d) If plaintiff is in possession, and the defendant . . . seeks to eject the plaintiff and recover possession, the

action involves both equitable and legal issues. . . . In such an action the plaintiff is entitled to have the equitable issues tried by the court without a jury, and the defendant is entitled to have the legal issues submitted to a jury.''

In the instant case by the amendment to the complaint plaintiff alleged that the defendants were withholding possession. This should be sufficient to show that the plaintiff was out of possession and the plaintiff, if she were to prevail, would be entitled to a writ of possession. The prayer of the complaint was not amended. It asked that the court determine that the claims of defendants are invalid and that defendants did not have any right, title or interest in the real property or the $4,000; that it be adjudged that the deeds and the purported assignment are void; and that it be adjudged that plaintiff is the owner in fee of the real property and the $4,000. The prayer concluded with a request for such other and further relief as is proper. The prayer did not specifically ask for recovery of possession. The answer alleged that John Medeiros was the owner of the property in issue. It seems clear that the right to possession was in issue by the facts alleged in the complaint and the answer. The court could have granted the plaintiff possession if she prevailed.

The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading or the character of the recovery suggested in the prayer. (*Buxbom* v. *Smith,* 23 Cal.2d 535 [145 P.2d 305].) Here the complaint alleged in part an estate in the plaintiff and possession in the defendant and a wrongful withholding. The action had the essential characteristics of the old legal action of ejectment.

We conclude that under the rules laid down by our Supreme Court the plaintiff in the instant case was entitled to a trial by jury and that the trial court did not err in granting plaintiff's motion for a new trial.

Appellants argue that respondent failed to object or except to the order denying her a jury trial and therefore the error could not constitute a ground for an order granting a new trial. The argument is without merit. By the proceedings she took, including timely demand, deposit of jury fees, and motion for determination of the issue of her rights, respondent fully made known to the court her position on the issue of her right to a jury trial, and so the order of denial is to be deemed excepted to. (Code Civ. Proc., § 647.) The

cases cited by appellants were decided before the section was amended in 1953. Witkin, California Procedure, says of the amendment at page 2264: ". . . By making any method of raising a point below the equivalent of a formal exception, it [the 1953 amendment] has abolished the requirement of exceptions. The appellant is protected if he objects at the time of the ruling, . . . ."

THE APPEAL OF MARY MEDEIROS:

This appeal is from that portion of the judgment decreeing that the sum of $4,000 given to John Medeiros by the decedent was not community property and determining that cross appellant Mary Medeiros had no interest in the fund.

In view of our conclusion that the order granting a new trial must be affirmed, the cross appeal of respondent Mary Medeiros from the judgment becomes moot and should be dismissed. (*Brignoli* v. *Seaboard Transportation Co.,* 29 Cal.2d 782, 792 [178 P.2d 445].)

The order granting a new trial is affirmed and the appeal from the judgment is dismissed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied February 1, 1960, and the petition of defendants and appellants for a hearing by the Supreme Court was denied March 1, 1960.