[Civ. No. 20991. First Dist., Div. One. Dec. 19, 1963.]

AGNES DE CASTRO et al., Plaintiffs and Appellants, v. KEVIN ROWE et al., Defendants and Respondents.

Edises, Grossman & Grogan and Malcolm Burnstein for Plaintiffs and Appellants.

Lounibos & Lounibos, Healy & Robinson, John J. Healey and Leroy J. Lounibos for Defendants and Respondents.

SULLIVAN, J.—In this wrongful death action, the sole question for our determination is whether plaintiffs were unlawfully denied a trial by jury. We have concluded that they were and the judgment rendered by the court in defendants' favor must be reversed.

Plaintiffs commenced the instant action in the County of Alameda on June 6, 1960, against defendants Rowe and the County of Sonoma, hereafter referred to as the County. It was thereafter transferred to the Superior Court of the County of Sonoma. On January 10, 1961, after the cause was at issue, plaintiffs filed a memorandum to set the case for trial.[1] Counsel for plaintiffs used a printed form of memorandum conforming to the requirements of former rule 6, Rules for the Superior Courts (now Cal. Rules of Court, rule 206) but failed to complete the same so as to indicate whether or not they demanded a jury trial.[2] On January 17, 1961, defendant Rowe filed a ''Demand For Jury.''[3]

A pretrial conference was held on October 6, 1961. As the pretrial conference order of said date recites, one of plaintiff's counsel ''telephoned the court shortly before the time set for the conference stating that he had encountered car trouble and would be unable to attend the pre-trial conference. He stated that he would consent that the conference could proceed without him, and that the matters to be covered thereby could be developed in his absence through the statements of counsel for the respective defendants.'' Such order further provided: ''Plaintiffs waived jury by failure to demand in the memorandum to set. *Defendants Rowe and County of Sonoma* have demanded a jury and it is expected

---

[1]The memorandum to set was served by mail on opposing counsel on January 9, 1961. (N.B. We have on our own motion augmented the record on appeal to include certified copies of the following documents on file in the superior court: (a) memorandum to set civil cases; (b) demand for jury; and (c) pretrial conference order.)

[2]The printed form of memorandum appears to have been prepared for a county other than Sonoma (the offices of plaintiffs' counsel are in Alameda County), the name of such county deleted in the title and in lieu thereof the word ''SONOMA'' inserted by typewriter. Contained in the memorandum is the following: ''Is Jury demanded?.......... .... This space was not filled in. (Yes or No)''

[3]Except for the signature of defendant Rowe's counsel, this document was entirely typewritten. The demand is directed to plaintiffs and their counsel and reads as follows: ''YOU AND EACH OF YOU PLEASE TAKE NOTICE that the defendant KEVIN ROWE hereby demands a jury in the above entitled action.''

that deposit of fees will be made in due course. Case set for trial commencing at 9:30 a.m. February 19, 1962, reserving three days.'' (Italics added.)

On October 11, 1961, service of the pretrial conference order was made by mail on counsel for all parties, the original order with proof of service being filed on October 17, 1961. Defendant Rowe deposited the jury fees in due course.

The trial was apparently continued one week to February 26, 1962. In the afternoon of February 23, 1962, the Friday before the trial, a member of the county clerk's office advised plaintiffs' counsel by telephone that counsel for both defendants had waived a jury trial and inquired of plaintiffs' counsel whether plaintiffs desired a jury trial. Plaintiffs' counsel replied that he was then unable to decide. He made no decision until the morning of trial, February 26, 1962, at which time outside of the presence of the jury panel there present, said counsel demanded a jury. Defendants thereupon objected on the ground that the case should be tried by the court as a consequence of their having waived a jury and on the further ground that plaintiff had not deposited jury fees. During the ensuing colloquy, the court pointed out to plaintiffs' counsel that according to the provisions of the pretrial conference order ''you waived the jury by failure to demand in the memorandum to set and I feel that the Defendants now would be mislead [*sic*] by your action and you never contested the order of October the 6th, 1961.'' Plaintiffs' counsel thereupon moved to amend the pretrial conference order ''to provide that I have not waived a jury.'' This motion was denied on the ground that it was not timely made. Plaintiffs' demand for a jury trial was also denied on the following grounds: (1) that plaintiffs had not demanded a jury trial in the memorandum to set ''as required by the rules'';[4] (2) that the pretrial conference order had recited that plaintiffs had waived a jury by failure to demand it in the memorandum to set and plaintiffs had failed to request a correction or modification of such order within five days of its service on them;[5] (3) that plaintiffs had failed to deposit

---

[4]The reference is presumably to former rule 6(a), Rules for the Superior Courts, now Cal. Rules of Court, rule 206(a).

[5]The reference is presumably to former rule 8.7(b), Rules for the Superior Courts, now Cal. Rules of Court, rule 215(b). The rules of court were renumbered effective April 1, 1962, and after the trial in the instant case. Hereafter unless otherwise indicated we will refer to the pertinent rules by their present numbers.

jury fees; and (4) that defendants would be prejudiced by plaintiffs' demand for a jury "at this late time." The court further observed "that it would be an abuse of my discretion if I allowed you to go to a jury trial at this time, . . ."

The case then proceeded to trial before the court sitting without a jury at the conclusion of which judgment was rendered in favor of defendants. This appeal followed.

■ Preliminarily we observe that, as the instant record shows, by the proceedings taken by them outside of the jury's presence and by their various statements made in the course thereof, plaintiffs fully made known to the court below their position on the issue of their right to a jury trial so that the court's order of denial[6] is to be deemed excepted to and is hence reviewable on appeal. (Code Civ. Proc., § 647; *Medeiros* v. *Medeiros* (1960) 177 Cal.App.2d 69 [1 Cal.Rptr. 696].)

The central question on this appeal is whether plaintiffs waived their right to a jury trial thereby justifying the court's order of denial. We propose first to examine the trial court's reasons for denying a jury trial and then to consider the question of waiver in its broader context.

■ It is beyond dispute that the parties to an action for wrongful death have a right to trial by jury. (Cal. Const., art. I, § 7; Code Civ. Proc., § 592.) Such right may be waived in civil actions "by the consent of the parties, signified in such manner as may be prescribed by law." (Cal. Const., art I, § 7.) The methods of waiver prescribed by law are found in section 631 of the Code of Civil Procedure.

■ It has been repeatedly held that trial by jury may be waived only in the manner designated by Code of Civil Procedure section 631 and that it cannot be waived by implication. (*Swasey* v. *Adair* (1891) 88 Cal. 179, 183 [25 P. 1119]; *Platt* v. *Havens* (1897) 119 Cal. 244, 248 [51 P. 342];

[6]The minutes for February 26, 1962, show *inter alia* the following: "At 9:30 A.M. Court and counsel convened in Chambers in the absence of the jury panel. Plaintiffs through their counsel Aubrey Grossman requests [*sic*] a trial by jury, defendants having withdrawn their re-quest for a trial by jury, objections thereto by counsel. Motion by Mr. Grossman for leave to amend the Pre-Trial Order at this time, objections thereto. Motion for a trial by jury by the Plaintiffs is hereby denied. Motion to Amend the Pre-Trial Order by Plaintiffs is hereby denied. At 10:20 A.M. Court convened. Attorneys present. Upon roll call of the jury venire all prospective jurors answered to the call of their names except the following: ... All prospective jurors were excused from further attendance upon the Court."

*People* v. *Metropolitan Surety Co.* (1912) 164 Cal. 174, 177-178 [128 P. 324, Ann.Cas. 1914B 1181]; *Parker* v. *James Granger, Inc.* (1935) 4 Cal.2d 668, 679-680 [52 P.2d 226], cert. denied 298 U.S. 644 [56 S.Ct. 958, 80 L.Ed. 1375]; *Robinson* v. *Puls* (1946) 28 Cal.2d 664, 666-667 [171 P.2d 430]; *Hayden* v. *Friedman* (1961) 190 Cal.App.2d 409, 411 [12 Cal.Rptr. 17]; see also *Smith* v. *Pollock* (1852) 2 Cal. 92, 94.)

However, a failure to comply with a rule of court does not constitute a waiver of the right to a trial by jury at least where such rule does not declare that noncompliance therewith constitutes a waiver. (*Norland* v. *Gould* (1927) 200 Cal. 706, 707-708 [254 P. 560]; *Hertter* v. *Addis* (1928) 89 Cal. App. 160, 163-166 [265 P. 298], cf. *Biggs* v. *Lloyd* (1886) 70 Cal. 447, 448 [11 P. 831].) Hence failure of a party to demand a jury in a memorandum to set cause for trial or failure of any other party not filing said memorandum but desiring a jury, to demand it within a specified time after service thereof, as required by a rule of court containing no provision for waiver upon noncompliance therewith, does not of itself constitute a waiver of jury under subdivision 4 of section 631 of the Code of Civil Procedure.[7] (*Mutual Bldg. & Loan Assn.* v. *Corum* (1934) 220 Cal. 282 [30 P.2d 509, 513].)

In *Mutual Bldg. & Loan Assn.* plaintiff filed a memorandum to set as required by the then effective Rule I of the Rules for the Superior Courts adopted by the Judicial Council of California.[8] Over three months later, instead of within

---

[7]Code Civ. Proc., § 631, in relevant part provides: "Trial by jury may be waived by the several parties to an issue of fact in manner following: ... 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation; ..."

[8]Rule I of "Rules Adopted by the Judicial Council of California Regulating the Business of the Superior Court," effective February 1, 1929, provided as follows: "For the purpose of setting a civil cause for trial, there shall be filed by a party to the cause a memorandum which shall state that the cause is at issue, and which shall set forth the number and title of the cause, the nature of the cause, the time estimated for the trial thereof, whether a jury trial is demanded, and the respective names, addresses, and telephone numbers of the attorneys for the respective parties. Prior to the filing thereof, a copy of said memorandum shall be served upon the attorneys for all parties, and, unless admission of service is endorsed upon the memorandum filed, the same shall be accompanied by an affidavit showing such service. No cause

five days as required by said rule, defendant served and filed a written demand for a jury trial. Shortly thereafter when the case came before the presiding judge for the purpose of fixing a definite trial date, defendant, having previously deposited the necessary jury fees, demanded in open court a jury trial of the case. The demand was denied. Referring to Code of Civil Procedure section 631, subdivision 4 (see footnote 7, *ante*) the court there stated: ''Just what does the language, 'at the time the cause is first set upon the trial calendar' mean? Does it mean, as respondent contends, at the time the memorandum to set the cause for trial is first filed with the clerk of the court as required by rule I? Or does it mean, as contended by appellant, at the precise time the case first comes before the judge to be set for trial at a definite, fixed future date?

''We are of the opinion that the language used in section 631 of the Code of Civil Procedure, 'at the time the cause is first set upon the trial calendar' is synonymous with the words, 'at the time the case is set for trial.' '' (220 Cal. at p. 287.) The court approved and followed the principle announced in *Hertter* that noncompliance with a rule of court does not operate as a waiver of a jury trial in the absence of an express waiver provision in the rule, observing that ''[s]ince that decision [i.e., *Hertter*] other cases have accepted this construction as the true one and have postulated their conclusions upon the premise that the time 'the cause is first set upon the trial calendar' is synchronous with the time 'the case is first set for trial.' [Citations.]''[9] (P. 288.)

*Mutual Bldg. & Loan Assn.* also pointed out that a consideration in their entirety of the Rules for the Superior Courts indicated the filing with the clerk of the memorandum to set a cause for trial *was not a setting of the cause* upon the trial

shall be set for trial unless the memorandum herein mentioned shall have been served and filed; provided, however, in the event the cause shall be set upon stipulation, the latter shall be accompanied by a corresponding memorandum. In case a jury trial is not demanded by the party filing such memorandum, any other party to the cause desiring a jury trial shall have five (5) days, after service of such memorandum, within which to file and serve his written demand for a trial by jury; subject, however, to the provisions of section 1013, Code of Civil Procedure.'' (204 Cal. lxix.)

[9]The following cases were there cited: *Hoffman* v. *Southern Pacific Co.* (1929) 101 Cal.App. 218 [281 P. 681]; *Stern* v. *Hillman* (1931) 115 Cal.App. 156 [300 P. 972]; *McGregor* v. *Wright* (1931) 117 Cal.App. 186 [3 P.2d 624]; and *Dunham* v. *Reichlin* (1933) 217 Cal. 289 [18 P.2d 664].

calendar. ''Obviously, in these rules, the 'setting' of a cause means the fixing of a definite future date by the order of the presiding judge for the trial thereof, and the time therein when a cause is 'set for trial' is the time when the cause comes up to have a future date fixed and assigned by the judge for the hearing of said cause.

''... To hold that the language, 'at the time the cause is first set upon the trial calendar' refers to the filing of the memorandum to set with the clerk requires us to define the verb 'to set,' commonly understood in legal parlance as the fixing by the court by an order of the judge of a definite future date for the trial of an action, as meaning 'to file with the clerk' the memorandum to set.'' (Pp. 290, 291.)

 In the case at bench, rule 6, Rules for the Superior Courts[10] (now Cal. Rules of Court, rule 206) was at all times in effect. Nowhere did such rule declare that noncompliance with its provisions would be deemed a waiver of a jury trial. Therefore any noncompliance with the rule did not constitute such a waiver. (*Hertter* v. *Addis, supra,* 89 Cal.App. 160.) Nor did such a waiver result from plaintiffs' failure to specify in the memorandum to set whether or not a jury trial was demanded. (*Mutual Bldg. & Loan Assn.* v. *Corum, supra,* 220 Cal. 282.) Although the rules involved in *Mutual Bldg. & Loan Assn.* were superseded in 1949 and amended in 1957 (renumbered in 1962), it is clear that under rule 6 (Cal. Rules of Court, rule 206) the time at which the memorandum to set is filed is not the same as ''the time the cause is first set upon the trial calendar. ...'' (Code Civ. Proc., § 631, subd. 4.) It is beyond argument that under the rules governing the instant case, the setting of a case on the trial calendar necessarily occurred *after* the filing of a memorandum to set since the assignment of a trial date was first made at the pretrial conference. (Rule 8.4(a)(10) now Cal. Rules of Court, rule 212(a)(10); rule 8.12(a) now rule 220.) Furthermore it was only *after* the memorandum had been filed that a case could be put on Civil Active List (rule 7 now rule 207) from which list the

---

[10]Rule 6 as then in effect provided in relevant part: ''(a) No civil case shall be set for a pre-trial conference or for trial until it is at issue and unless a party thereto has served and filed therein a memorandum to set, stating: ... (5) Whether or not a jury trial is demanded; ... (b) Any party not in agreement with the information or estimates given in a memorandum to set shall within five (5) days after the service thereof serve and file a memorandum on his behalf.''

case would be thereafter set for pretrial conference. (Rule 8.1 now rule 209.)

We conclude therefore that plaintiffs' failure to demand a jury in the memorandum to set did not of itself constitute a waiver of jury trial.

We turn to the second reason relied on by the trial court for its denial of a jury trial: namely that plaintiffs had failed to make a timely request for correction or modification of the pretrial conference order (rule 8.7(b) now rule 215(b)) which recited that "[p]laintiffs waived jury by failure to demand in the memorandum to set." As we have shown, such recital is an erroneous conclusion of law on its face. Inclusion of such a statement in the pretrial conference order was no sanctifying rite making that correct which was in fact erroneous. Nor did plaintiffs' failure to request timely correction of the order result in their implied affirmance of the statement and thus by itself effectuate a waiver of jury. As we have pointed out, trial by jury cannot be waived by implication. (See *Swasey* v. *Adair, supra,* 88 Cal. 179, 183 and other authorities, *supra.*)

Not cited by any of the parties but distinguishable from the case at bench is *Gordon* v. *Reynolds* (1960) 187 Cal.App. 2d 472 [10 Cal.Rptr. 73]. In that action for wrongful death, plaintiff demanded a trial by jury in her pretrial statement but the court, over her objection, tried the issue of jurisdiction without a jury pursuant to the pretrial conference order to that effect. This court held that "assuming that appellant had a right to have the issue of jurisdiction tried by a jury, it was incumbent upon her to object at the pretrial and, if the pretrial order failed to show her objection, to move for a modification. Not having done so, she waived whatever right she had." (P. 475.) While the opinion does not disclose the details of the pretrial proceedings, *Gordon* is susceptible of the explanation that despite her pretrial statement, plaintiff failed to demand, and therefore waived, a jury on the pertinent issue at pretrial. Such a waiver would have been a *valid* waiver according to Code of Civil Procedure section 631 whereas as in the instant case, a waiver purportedly predicated on failure to demand a jury in the memorandum to set is *void* on its face. It is also to be noted that *Gordon* does not mention and apparently did not involve an application of the 1941 amendment to Code of Civil Procedure section 631, subdivision 4, upon which, as we explain *infra,* the instant case turns.

■ The trial court's third reason for denying a jury trial was that plaintiffs failed to deposit jury fees. Subdivision 5 of section 631 of the Code of Civil Procedure provides that trial by jury may be waived by failure to deposit jury fees 14 days prior to the date set for trial. The case was set for February 19, 1962, and subsequently continued to February 26, 1962. Both defendants demanded a jury at the pretrial conference held on October 6, 1961. Defendant Rowe thereafter deposited the jury fees in due course. It was only on February 23, 1962, the Friday before trial (February 26, 1962, was a Monday) that *both* defendants Rowe and County waived a jury and then so advised the clerk of the court. As plaintiffs correctly point out, plaintiffs' duty to deposit jury fees never arose. As we read the record of the proceedings had on February 26, 1962, out of the presence of the jury panel, presumably the fees deposited by Rowe were still on deposit. Thus the fees were paid for the first day of trial. Therefore quite apart from our consideration, *infra*, of the procedure applicable upon waiver of jury by the demanding party, as the court said in *Cowlin* v. *Pringle* (1941) 46 Cal. App.2d 472, 475 [116 P.2d 109] "when such fees were paid, we perceive no existing necessity for plaintiff to also tender another jury fee for the first day of trial. 'The law neither does nor requires idle acts.' (Section 3532 Civil Code.)"

■ Finally, we consider the trial court's reason that defendants would have been prejudiced by granting plaintiffs' demand "at this late time." Neither of the defendants have urged before us the point of prejudice. We have examined the record of the proceedings had before the judge on the morning of trial and find nothing supportive of prejudice to either defendant with the possible exception of a statement by counsel for Rowe that defendants came prepared to try the case but were not prepared to submit jury instructions. We find nothing in the record indicating that this provoked the court's remarks on prejudice. Since the situation was created by defendants' waiver of jury at the last moment, any difficulty about defendants' timely delivery of their instructions (see Code Civ. Proc., § 607a) could have been remedied by an appropriate order or by a continuance of the trial. We feel that under the facts of the case and in view of the circumstances under which defendants waived the jury, no prejudice to them was shown sufficient to deny plaintiffs' demand for a jury trial.

We conclude therefore that none of the grounds relied

upon by the trial court as the basis for denying plaintiffs' demand for a jury trial are tenable. ▇ It remains for us to determine whether plaintiffs did otherwise in fact waive a jury for if they did, the ruling of the court below was correct and must be sustained regardless of the grounds upon which the trial court based it. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117]; *Snider* v. *Snider* (1962) 200 Cal.App.2d 741, 756 [19 Cal.Rptr. 709]; 3 Witkin, Cal. Procedure, p. 2234.) ▇ Such waiver, as we have already pointed out, can only be made in the manner designated by Code of Civil Procedure section 631. In view of our foregoing discussion of the trial court's reasons and under the facts of the instant case, if plaintiffs waived a jury trial at all it must have been by virtue of the operation of subdivision 4 of the above statute.

Code of Civil Procedure section 631, subdivision 4, provides at the beginning thereof that a trial by jury may be waived by a party "[b]y failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation; . . ." ▇ As we have seen, the phrase "at the time the cause is first set upon the trial calendar" does not mean when the memorandum to set is filed with the clerk but means the time when the case first comes before the court to be set for trial at a definite, fixed future date. (*Mutual Bldg. & Loan Assn.* v. *Corum, supra,* 220 Cal. 282, 287-291.) ▇ As we have also pointed out, under applicable rules of court in effect both now and at the time the instant problem arose, this means at the pretrial conference. (Cal. Rules of Court, rules 212(a)(10) and 220.)[11] Plaintiffs' counsel did not appear at the pretrial conference and did not announce at such time that a jury was required. Presumably such conference and the setting of the case for trial was upon notice, although such notice is not in the record before

---

[11]Rule 212 in relevant part reads as follows: "(a) At the pretrial conference, whether in the courtroom or in chambers, the judge, without adjudicating controverted facts, may consider and act upon the following matters: . . . (10) Assigning the date and place of the trial in accordance with rule 220."

Rule 220 reads as follows: "(a) Every case required to be pretried shall be set for trial for a place and time not earlier than the time of filing of the pretrial order and as nearly as possible not later than five weeks after the pretrial conference, giving priority to those cases entitled thereto under the law. This setting for trial shall be by the

us. Assuming that the setting for trial was without notice or stipulation, the instant record shows that service of the pretrial conference order was made by mail by the clerk on counsel for all parties on October 11, 1961. (See Cal. Rules of Court, rule 220(b).) Under this assumption, plaintiffs' counsel still failed to announce within five days after such notice (Code Civ. Proc. § 631, subd. 4) that a jury was required. Thus from that portion of subdivision 4 quoted by us above, the conclusion might be reached that plaintiffs had in fact waived a jury trial unless such waiver is precluded by the subsequent proviso found in said subdivision to which we now direct our attention.

 Such proviso added to Code of Civil Procedure section 631, subdivision 4, by a 1941 amendment[12] reads as follows: "provided further, that in any superior court action *if a jury is demanded by either party in the memorandum to set cause for trial* and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties shall be given 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, and if it is impossible for the clerk of the court to give such 10 days' notice by reason of the trial date, or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party." (Italics added.)

In the instant case plaintiffs served on both defendants and filed their memorandum to set cause for trial but did not demand a jury trial therein. Defendant Rowe thereupon served on plaintiffs and filed his demand for a jury. It is a

---

pretrial judge subject to the supervision or order of the presiding judge, if any.

"(b) The clerk shall enter on the Civil Active List the time and place of the trial assigned to cases on that list. He shall give at least five days' notice by mail of the time and place of trial in each case to all parties appearing therein, except where the time and place of the trial is fixed at the pretrial conference."

[12]Stats. 1941, ch. 1191, § 1, p. 2962.

reasonable assumption and of course quite consistent with the common practice of many attorneys, that defendant Rowe demanded a jury because he noted that in memorandum to set with which he had been served none was demanded by plaintiffs. We must therefore decide whether Rowe's "Demand For Jury" was a "memorandum to set cause for trial" within the meaning of the above quoted proviso added to section 631, subdivision 4, in 1941.

At the time of the enactment of this proviso, Rule I of the "Rules Adopted By the Judicial Council of California Regulating the Business of the Superior Court" was in effect. This rule provided in substance that if the party filing the memorandum to set did not demand a jury, any other party desiring a jury had five days after service of the memorandum to file and serve his written demand therefor. (See rule I in footnote 8, *ante*; see 204 Cal. at p. lxix.) Rule 6, Rules for the Superior Courts, effective January 1, 1949, and superseding all rules in conflict therewith (33 Cal.2d 19), while containing substantially similar provisions as to the service, filing and contents of the memorandum to set did not contain any provisions with respect to the service and filing of a written demand for a jury in instances where a jury was not demanded in the memorandum. (See rule 6 in footnote 10, *ante*; see 33 Cal.2d 4.) Rule 6 was amended, effective January 1, 1957, by recasting in one subdivision "(a)" the provisions of former subdivisions "(a)" and "(b)" with only slight revisions thereof and by adding a new subdivision "(b)" as follows: "(b) Any party not in agreement with the information or estimates given in a memorandum to set shall within five days after the service thereof serve and file a memorandum on his behalf." (See 47 Cal.2d 3; see footnote 6, *ante*.) It therefore appears that whereas under rule I (enacted in 1929) the area of disagreement with the memorandum to set was limited to jury trial, such disagreement to be set forth in a written demand, under rule 6 (as amended in 1957) the area of disagreement with the memorandum to set was enlarged, such disagreement to be set forth by the objecting party in "a memorandum on his behalf." Notably rule 6 (present rule 206) no longer contained any language referring to the adversary's written demand for a trial by jury.

We are of the view that the "Demand For Jury" filed by defendant Rowe in response to the memorandum to set, was in fact, though not so entitled, a memorandum on his own

behalf to set the cause for trial as a jury case. As we have pointed out, the only rule of court then applicable provided for the filing of a *memorandum* not a written demand. It is obvious from what transpired that Rowe was "not in agreement with the information ... given" in plaintiffs' memorandum to set. He desired a jury trial which was not specified therein. In all other respects, Rowe agreed with the memorandum filed by plaintiffs. We may therefore reasonably construe Rowe's demand for a jury to be a memorandum adopting by implication all of the contents of plaintiffs' memorandum except those features thereof pertinent to a demand for a jury. We therefore conclude that the demand filed by defendant Rowe was in substance and effect a "memorandum to set cause for trial" in which a jury was demanded as such term is used in the proviso found in Code of Civil Procedure section 631, subdivision 4.

We are of the opinion that the language used in subdivision 4 "if a jury is demanded by either party in the memorandum to set cause for trial" includes not only the original memorandum to set but any subsequent memorandum filed by "[a]ny party not in agreement" therewith pursuant to rule 6(b) as amended (now Cal. Rules of Court, rule 206(b)). Such a construction of the rule, we feel, is consistent with and subserves the purpose of the 1941 amendment to subdivision 4. Prior to such amendment where one party set the case for trial and demanded a jury, but the adverse party relying on such demand, neither demanded a jury himself nor deposited jury fees, such adversary party upon the waiver of a jury by the demanding party, was deemed to have lost his right to a jury trial. (*Dunham* v. *Reichlin* (1933) 217 Cal. 289, 291 [18 P.2d 664]; *Estate of Miller* (1936) 16 Cal.App.2d 154, 158 [60 P.2d 498].) The 1941 amendment above noted eliminated such a harsh rule. Its purpose and philosophy was to permit a party to rely on another party's demand and deposit of fees. It therefore makes good sense to interpret the amendment as permitting reliance not only on the original memorandum to set but on any subsequent memorandum. Otherwise the amendment would not operate fairly to all parties. Accordingly, in the case at bench, plaintiffs' reliance on defendant Rowe's demand for a jury placed them squarely in the situation which the amendment to the statute was designed to correct.

We hold therefore that plaintiffs did not in fact waive a trial by jury because under the facts herein any such waiver

was precluded by the above proviso found in subdivision 4 of section 631. Under the above provisions of the statute since it was obviously impossible by reason of the trial date (only 3 days later and over a weekend) for the clerk to give plaintiffs the required 10 days' notice of defendants' waiver of a jury, the trial of the action should have been continued by the court so as to enable such notice to be given. Thereupon plaintiffs would have not exceeding five days immediately following the receipt of such notice of waiver within which to file and serve a demand for jury and deposit jury fees. We need not here concern ourselves with the question whether procedural niceties were observed: whether under the circumstances the 10-day notice was still mandatory or whether, such notice having been given, filing and service of the demand should then be effectuated. The court and the parties cut through this maze. The jury was present on the day set for the trial and plaintiffs demanded the right to try the case to a jury. The principle fact is that the court by its ruling denied this right and withheld from them the relief made available by the above statute.

We do not here decide, and therefore leave open, the question whether the foregoing proviso added to subdivision 4 in 1941 is operative under circumstances where no demand for a jury is made in any memorandum to set but such a demand is made by one party in a pretrial statement or at pretrial conference. While it is arguable that it would appear incongruous to deny the benefits of the proviso to adverse parties in such a procedural situation but to apply the proviso where the demand is made in a memorandum to set, perhaps the matter is one for correction by the Legislature.[13]

 We add one final observation: Plaintiffs did not waive their right to a trial by jury by going to trial after it had been denied. Nor did plaintiffs thereby waive their right to claim error on this appeal. Having demanded a jury and not having waived it in the manner designated by Code of Civil Procedure section 631, plaintiffs were within their rights in going to trial and thereafter attempting to have the court's ruling reversed on an appeal from the judgment. (*In re Robinson* (1895) 106 Cal. 493, 496 [39 P. 862] ; *Hertter* v. *Addis, supra,* 89 Cal.App. 160, 166; *City of Redondo Beach*

---

[13]We recognize that such a situation could be of rare occurrence when it is considered that the judge at pretrial conference can exact from the parties express and definitive demands for or waivers of jury and incorporate the same in the pretrial conference order.

v. *Kumnick* (1963) 216 Cal.App.2d 830, 837 [31 Cal.Rptr. 367].)

As the court said in *Union Oil Co. of Cal.* v. *Hane* (1938) 27 Cal.App.2d 106, 110 [80 P.2d 516] : "A denial of the right to trial by jury to a party entitled thereto is a miscarriage of justice within the meaning of that phrase as used in section 4½, article VI, of the Constitution of the state of California, which error requires a reversal of the judgment of the trial court. [Citations.]" (See also: *People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 300 [231 P.2d 832] ; *Cowlin* v. *Pringle, supra,* 46 Cal.App.2d 472, 476-477.)

The judgment is reversed.

Bray, P. J., and Molinari, J., concurred.